UNITED STATES of America, Plaintiff–Appellee, Cross–Appellant,

v.

Timothy POLLARD, Jarvis Mack, and Robert Davenport, Defendants–Appellants,

and

Robert Booker, Defendant–Appellant, Cross–Appellee.

Nos. 95–1729, 95–1742, 95–1778, 95–1995, and 95–2183.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 3, 1995.

Decided Dec. 18, 1995.

Michael A. Thill, Donald Schmid (argued), Andrew B. Baker, Jr., Office of U.S. Attorney, Dyer, IN, for U.S.

John C. Hamilton (argued), Doran, Blackmond, Ready, Hamilton & Williams, South Bend, IN, for Timothy Pollard.

Robert J. Palmer, Bradley L. Varner (argued), May, Oberfell & Lorber, South Bend, IN, for Jarvis Mack.

Donald W. Pagos, John Hamilton (argued), Sweeney, Dabagia, Donoghue, Thorne, Janes & Pagos, Michigan City, IN, for Robert Davenport.

Donald J. Berger (argued), Berger, James & Gammage, South Bend, IN, for Robert Booker.

Before EASTERBROOK, DIANE P. WOOD, and EVANS, Circuit Judges.

TERENCE T. EVANS, Circuit Judge.

Timothy Pollard, Jarvis Mack, Robert Davenport, and Robert Booker were charged in 1993 along with several other persons in a 17–count indictment with, among other things, being members of a conspiracy to distribute crack cocaine, in South Bend, Indiana. Pursuant to plea agreements, Pollard, Mack, and Davenport entered pleas of guilty; Booker went to trial and was convicted on three of the counts presented to the jury. He was acquitted on one charge—a count alleging the use of a firearm during and in connection with a drug trafficking offense, in violation of 18 U.S.C. § 924(c). This appeal concerns issues regarding the sentencing of all four defendants.

The four defendants argue in their briefs that the rule of lenity should have been applied to reduce their sentences and bring them into line with what the sentences would have been had they been dealing in powder cocaine instead of crack. The different penalties for powder and crack cocaine, the now-famous 100–to–1 ratio, were a hot topic of discussion when the briefs were written. The defendants, of course, were swimming upstream by making this argument because

to prevail we would have had to overrule *United States v. Lawrence,* 951 F.2d 751 (7th Cir.1991), and a host of other cases. But now, seeing the handwriting on the walls of Congress, the defendants have declined to press the point. On October 30, 1995, less than a week before this case was orally argued, Congress passed Pub.L. No. 104–38, 109 Stat. 334, which disapproved "amendments to the Federal Sentencing Guidelines relating to lowering of crack sentences...." Not surprisingly, we reject the defendants' argument on this point. *See also* our decision a few weeks ago in *United States v. Booker,* 70 F.3d 488 (7th Cir.1995), for a thorough discussion of the chemical properties of powder and crack cocaine.[1]

Timothy Pollard, who was sentenced to 130 months imprisonment, argues that the district court erred in finding that he was a career offender under § 4B1.1 and 4B1.2 of the sentencing guidelines. The finding jacked Pollard up to criminal history category 6 from category 4, his placement level if only an arithmetic computation of his prior crimes was required.

■ The government now concedes that the record is insufficient to support a finding that Mr. Pollard was a career offender. So a remand for resentencing must be ordered. But another issue remains, i.e., whether, upon remand, the government is free to revisit its recommended downward departure from the guideline range, pursuant to § 5K1.1 of the sentencing guidelines.

When it became clear at the sentencing proceeding that Mr. Pollard—who earned favor with the government by giving information—was going to be placed in a higher criminal history category than anticipated—6 instead of 4—the government compensated by recommending a 12–level downward departure rather than the 10–level departure it planned on recommending going into the sentencing hearing. The district court accepted the recommendation. If Pollard's criminal history category is now revised downward, the government wants to return to a 10–level

---

1. The case involved Henry Booker, convicted in South Bend, Indiana, of dealing in crack. Whether he is related to the Robert Booker in this case, who was also convicted of dealing crack in South Bend, is unknown but likely.

downward departure, a recommendation which, if accepted by the district court, will make this whole issue, in effect, much ado about nothing.

Our decision, at this point, is to vacate Mr. Pollard's sentence and remand his case to the district court for resentencing. At this point all bets are off. The government is free to make whatever recommendation it wishes.

■ Jarvis Mack received a 63–month sentence. He contends that he should have received a two-level reduction in his offense level under guideline 3B1.2 because he was only a minor participant in the crime.[2] The district court was correct in rejecting this argument. Mr. Mack was not sentenced for being a member of the conspiracy or on the basis of his role in the conspiracy. He pled guilty to and was sentenced for distributing crack. His base offense level was calculated on the basis of a single kilogram of crack, not the more than 24 kilograms shown to be distributed as a result of the conspiracy. Application note 4 to § 3B1.2 states:

> If a defendant has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct, a reduction for a mitigating role under this section ordinarily is not warranted because such defendant is not substantially less culpable than a defendant whose only conduct involved the less serious offense. For example, if a defendant whose actual conduct involved a minimal role in the distribution of 25 grams of cocaine (an offense having a Chapter Two offense level of 14 under § 2D1.1) is convicted of simple possession of cocaine (an offense having a Chapter Two offense level of 6 under § 2D2.1), no reduction for a mitigating role is warranted because the defendant is not substantially less culpable than a defendant whose only conduct involved the simple possession of cocaine.

Mr. Mack is not entitled to a reduction for being a minor participant.

The remaining issues involve the government's appeal of the sentencing of Mr. Booker, who went to trial. The district court granted Booker's motion for judgment of acquittal as to one count. The jury found him guilty of three counts, including the conspiracy count, and not guilty of a count alleging the use of a firearm during a drug crime, under 18 U.S.C. § 924(c).

■ The maximum statutory penalties for the counts of which he was convicted are life as to count 1 (the conspiracy as charged) and 20 years as to both count 9 (operating a crack house) and count 16 (possession with intent to distribute crack cocaine). Booker's offense level under the guidelines, based on the distribution of over 1.5 kilograms of crack, is 38. A 4–point enhancement, not challenged here, for being the organizer or leader of a drug conspiracy involving more than five participants bumps Booker up to level 42. The district court declined to impose, as sought by the government, an additional 2–point enhancement for possession of a firearm under § 2D1.1(b)(1). The level–42 peg yielded an astronomical sentencing range of 30 years to life.

The district court sentenced Mr. Booker to 20 years. This sentence is the result, in the government's view, of two errors. First, the district court refused to impose the two-level upward adjustment for possession of a firearm pursuant to § 2D1.1(b)(1) solely because the jury acquitted Mr. Booker of the § 924(c) firearms charge. Second, the court determined that § 5G1.2 did not allow for a sentence of more than the lowest of the maximum penalties set by statute with respect to the three counts of conviction. The lowest statutory maximum was 20 years.

Unfortunately for Mr. Booker, the government is right on both points. The acquittal on the § 924(c) charge does not prohibit invoking the weapon enhancement under § 2D1.1(b)(1) of the guidelines. The burden of proof for each setting is different. *United States v. Porter*, 23 F.3d 1274 (7th Cir.1994). Also, as the Supreme Court made clear last week, § 2D1.1(b)(1) of the guidelines casts a wider net than § 924(c). *Bailey v. United*

---

**2.** He had argued, alternatively, that he was a minimal participant entitled to a four-level re-
duction in offense level. However, at oral argument, he effectively abandoned that position.

*States,* —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Upon remand, the district court must decide if Booker "used or possessed" the firearm in connection with his crack business. We express no opinion on whether that finding should or should not be made. The experienced and able district court judge is in a much better position than we are to make that call.

As to the second point, the district court is not bound by the lowest statutory maximum penalty. In fact, the law is that a court must impose consecutive sentences when necessary in order to impose the total punishment prescribed by the applicable guideline range:

> The Sentencing Guidelines provide, in section 5G1.2(d), that sentences on separate counts shall be consecutive if necessary to reach the total length of sentence prescribed by the Guidelines, which may exceed the statutory maximum of each count.

*United States v. Masters,* 924 F.2d 1362 (7th Cir.1991).

In this case, of course, there is no need to impose consecutive sentences. The maximum statutory penalty for count one is life imprisonment, which is sufficient to allow imposition of whatever sentence the court ultimately calculates is required under the guidelines.

To sum up, the sentences of Jarvis Mack and Robert Davenport are AFFIRMED. The sentences of Timothy Pollard and Robert Booker are VACATED. Their cases are REMANDED for resentencing consistent with this opinion.