78 F.3d 586
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
MacDonald A. ADDO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-2477.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 28, 1996.*
Decided Feb. 28, 1996.
 
 Before CUMMINGS, BAUER and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 In January 1992 MacDonald Addo, a citizen of Ghana and legal resident of the United States, was attending his mother's funeral in Ghana when an acquaintance offered to pay him $14,000 to transport a quantity of heroin into the United States. Addo agreed, and the acquaintance concealed approximately 714 grams of 48% pure brown heroin in a hidden compartment in Addo's garment bag. Addo was instructed that a stranger would meet him in the baggage claim area at O'Hare International and escort him to New York. The drugs were discovered, however, when Addo attempted to pass through customs in Chicago. Addo immediately confessed and offered to help capture his contact, but the effort was unsuccessful.
 
 
 2
 Addo pleaded guilty to possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1). No evidence concerning other participants in a broader heroin importation conspiracy was presented, and it appears that Addo is unaware of any. After granting a three level reduction pursuant to U.S.S.G. § 3E1.1 for Addo's acceptance of responsibility and prompt assistance to the authorities, the district court determined Addo's offense level to be 27, with a guidelines sentencing range of 70-87 months and a mandatory minimum of 60 months. The court sentenced him to the minimum allowable term, 70 months.
 
 
 3
 Addo argues that he should have received a downward adjustment to his sentencing level because he was a "minor" or "minimal" participant in the offense. See U.S.S.G. § 3B1.2.[1] Section 3B1.2 provides for a four level sentencing reduction if the court finds that the defendant was a "minor" participant in a criminal enterprise, a two level reduction for "minimal" participation, and three levels for the intermediate case. "This section provides a range of adjustments for the defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2, comment. (backg'd). The defendant's role in the offense, whether aggravating or mitigating, is determined from all relevant conduct within the scope of U.S.S.G. § 1B1.3(a)(1)-(4), not just the elements and acts cited in the count of conviction. U.S.S.G. ch. 3, pt. B, intro. comment.
 
 
 4
 Addo did not call section 3B1.2 to the district court's attention and did not ask the court to find that his role was minor or minimal. Nor did he take a direct appeal. Because our section 2255 jurisdiction is ordinarily limited to those defects that are jurisdictional or constitutional, this alleged sentencing error is not cognizable on collateral attack unless Addo can show that it was either "a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." Scott v. United States, 997 F.2d 340, 342 (7th Cir.1993). Addo has not alleged any extraordinary circumstances that might support such a finding. His claim of error boils down to his contention that the sentencing court was obliged to consider the mitigating role adjustment sua sponte, an argument that we have rejected. United States v. Moore, 991 F.2d 409, 413 n. 2 (7th Cir.1993) (citing United States v. Headley, 923 F.2d 1079, 1083 (3d Cir.1991)). It is the defendant alone who bears the burden of demonstrating his eligibility for a decrease in sentencing level, United States v. Soto, 48 F.3d 1415, 1423 (7th Cir.1995), and here the claim was never even raised.
 
 
 5
 Addo next argues that his counsel was constitutionally ineffective for failing to raise section 3B1.2. To prevail on a claim of ineffectiveness, Addo carries the burden of showing both incompetence, "that counsel's representation fell below an objective standard of reasonableness," and resulting prejudice, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984).
 
 
 6
 Addo's ineffective assistance claim fails on both prongs of the Strickland test. Section 3B1.2 simply does not apply to him because Addo was neither convicted nor sentenced for conduct other than his own. The section 3B1.2 inquiry is not "whether the defendant committed a minor offense, or caused only minor social injury; the question is whether the defendant's role in the crime of conviction was minor." United States v. Willis, 49 F.3d 1271, 1275 (7th Cir.), cert. denied, 116 S.Ct. 136 (1995). And it is clear that "[w]hen a courier is held accountable for only the amounts he carries, he plays a significant rather than a minor role in that offense." United States v. Burnett, 66 F.3d 137, 140 (7th Cir.1995).
 
 
 7
 In Addo's case, the size of the drug importation operation, assuming one existed, and the relative culpability of its other participants are irrelevant. Section 3B1.2 is designed to mitigate the punishment where the defendant played a mitigating role. Because Addo's sentencing level was not influenced by the culpable conduct of other participants, his sentence can not intelligently be reduced to account for his purportedly minor or minimal role. As the D.C.Circuit explained in United States v. Olibrices, 979 F.2d 1557, 1559-61 (D.C.Cir.1992):
 
 
 8
 To take the larger conspiracy into account only for purposes of making a downward adjustment in the base level would produce the absurd result that a defendant involved both as a minor participant in a larger distribution scheme for which she was not convicted, and as a major participant in a smaller scheme for which she was convicted, would receive a shorter sentence than a defendant involved solely in the smaller scheme.
 
 
 9
 See also United States v. Lampkins, 47 F.3d 175, 180-81 (7th Cir.), cert. denied, 115 S.Ct. 1440 (1995) (affirming denial of section 3B1.2 reduction because defendant "was sentenced only for drugs that he himself handled, and it makes no sense to claim that one is a minor participant in one's own conduct"); United States v. Pollard, 72 F.3d 66, 68 (7th Cir.1995) (defendant who was convicted and sentenced on basis of distributing one kilogram of cocaine base, not twenty-four kilograms actually handled by conspiracy, was not entitled to section 3B1.2 reduction).
 
 
 10
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 1 U.S.S.G. § 3B1.2 (1993) provides, in its entirety.
 § 3B1.2. Mitigating Role
 Based on the defendant's role in the offense, decrease the offense level as follows:
 (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
 (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
 In cases falling between (a) and (b), decrease by 3 levels.