**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 95-5956

WINSTON GEORGE CORNWALL,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-95-25)

Submitted: September 17, 1996

Decided: October 24, 1996

Before MURNAGHAN, WILKINS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Deborah C. Wyatt, WYATT & CARTER, Charlottesville, Virginia,
for Appellant. Robert P. Crouch, Jr., United States Attorney, Jean B.
Hudson, Assistant United States Attorney, Charlottesville, Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Winston George Cornwall pled guilty to one count of distribution of crack cocaine, 21 U.S.C.A. § 841 (West 1981 & Supp. 1996). Pursuant to the terms of his plea agreement, the government dismissed a second count which charged that Cornwall used or carried a firearm during and in relation to a drug trafficking crime, 18 U.S.C.A. § 924(c) (West Supp. 1996). Cornwall appeals his 120-month mandatory minimum sentence, arguing that the penalties for crack offenses are unconstitutional and contesting the enhancement he received for possessing a firearm during the offense. United States Sentencing Commission, Guidelines Manual § 2D1.1(b)(1) (Nov. 1995). In a supplemental brief, Cornwall further argues that his case should be remanded to determine whether he qualifies for a sentence below the mandatory minimum under the safety valve provision. 18 U.S.C.A. § 3553(f) (West Supp. 1996); USSG § 5C1.2. We grant Cornwall's motion to file the supplemental brief and affirm his sentence.

Cornwall and co-defendant Manuel Mendez were together in an apartment when it was searched pursuant to a search warrant based on reports of crack trafficking there. A shoebox containing 52.2 grams of crack was recovered from a bedroom. Cornwall was sitting on a sofa in the living room; a handgun was concealed either directly under him or under the sofa cushion.

As Cornwall acknowledges, this court has held already that the statutory penalties for crack offenses do not violate equal protection, United States v. D'Anjou, 16 F.3d 604, 612 (4th Cir.), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3861 (U.S. June 27, 1994) (No. 93-9131), and that the statute is not ambiguous. United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir.), cert. denied, #6D 6D6D# U.S. ___, 64 U.S.L.W. 3270 (U.S. Oct. 10, 1995) (No. 95-5923). While Cornwall urges reconsideration of these decisions, a panel cannot overrule the decision of a prior panel in this Circuit. Brubaker v. City of Richmond, 943 F.2d 1363, 1381-82 (4th Cir. 1991).

Because Cornwall was subject to the mandatory minimum ten-year sentence, elimination of the recommended enhancement under USSG

§ 2C1.1(b)(1) for possession of a firearm would not have reduced his sentence.* In any case, Cornwall's argument was unsuccessful. The district court found that Cornwall had possessed a firearm in connection with the drugs. We cannot say that this factual finding was clearly erroneous because the guideline provides for the enhancement if a firearm is present "unless it is clearly improbable that the weapon was connected to the offense." USSG § 2D1.1, comment. (n.3). Cornwall presented no evidence to show that the firearm was unconnected to the offense.

On appeal, Cornwall contends that there was insufficient evidence that he possessed a firearm in connection with drug trafficking in light of the Supreme Court's decision in Bailey v. United States, ___ U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (Nos. 94-7448/7492). We disagree. Bailey held that a defendant must actively employ a firearm before he may be convicted of "use" of a firearm during or in relation to a drug trafficking offense under 18 U.S.C.A.§ 924(c) (West Supp. 1996). The Court specifically noted that the guideline provides an enhancement for possession of a weapon during a drug trafficking offense. See Bailey, 64 U.S.L.W. at 4043. Bailey did not interpret the meaning of the phrase "in connection with." See United States v. Castillo, 77 F.3d 1480, 1499 n.34 (5th Cir. 1996), petition for cert. filed, ___ U.S. ___ (U.S. July 26, 1996) (No. 96-5357); United States v. Pollard, 72 F.3d 66, 68-69 (7th Cir. 1995); see also United States v. Gary, 74 F.3d 304, 317 n.11 (1st Cir.) (Bailey inapplicable to USSG § 4B1.4(b)(3)(A) which provides enhancement for use or possession of firearm in connection with specified offenses because meaning of "in connection with" remains unchanged), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3855 (U.S. June 24, 1996) (No. 95-9074).

Finally, Cornwall maintains in his supplemental brief that, because Bailey changed the interpretation of the phrase "in connection with

_____

*Cornwall's offense level with the enhancement was 31 and he was in criminal history category I. His guideline range of 108-135 months became 120-135 months because, when the guideline range is less than the statutorily required minimum sentence, the statutory minimum becomes the guideline sentence. USSG § 5G1.2(b). Without the enhancement for possession of the firearm, Cornwall's guideline range of 87-108 months would again be raised to 120 months.

the offense" to make mere proximity of a firearm to drugs inadequate to show a connection, he now meets all five criteria for a sentence under USSG § 5C1.2, including the requirement that a defendant not "possess a firearm . . . in connection with the offense." Again we note that Bailey did not reinterpret the phrase"in connection with." Therefore, Cornwall's argument is without merit. Mere possession of a firearm in connection with the offense of conviction makes a defendant ineligible for a sentence below the mandatory minimum. USSG § 5C1.2(2). Cornwall pled guilty to crack distribution and his sentence was properly enhanced for possession of a firearm. He was not eligible for a sentence below the mandatory minimum.

We therefore grant Cornwall's motion to file a supplemental brief but affirm his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4