101 F.3d 110
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kareem Abdul Jabar WALKER, Defendant-Appellant.
 No. 96-2064.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 31, 1996.
Decided Nov. 01, 1996.
 
 Before POSNER, Chief Judge, and CUMMINGS and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Kareem Abdul Jabar Walker pleaded guilty to two counts of interstate travel in aid of a racketeering enterprise, 18 U.S.C. §§ 1952, 2. The defense raised no objections at Walker's change of plea hearing or at his sentencing hearing, and the district court sentenced him to five years imprisonment on each count (to be served consecutively to each other, but concurrently to Walker's undischarged state terms of imprisonment), three years supervised release, a $5,000 fine payable to the United States, and a $100 special assessment. Walker appealed. On appeal, counsel has filed a motion to withdraw and an Anders brief. Anders v. California, 386 U.S. 738 (1967). Pursuant to Circuit Rule 51(a), Walker was notified of his counsel's actions and given an opportunity to respond. He has not done so. We will grant the motion to withdraw only if we are convinced that the possible issues for appeal are "groundless in light of legal principles and decisions." United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993) (citing McCoy v. Court of Appeals, 486 U.S. 429, 436 (1988)).
 
 
 2
 Walker's notice of appeal was not filed within ten days following the entry of judgment as required by Federal Rule of Appellate Procedure 4(b), but the district court found that defense counsel's failure to file the notice of appeal was the result of excusable neglect (a miscommunication between counsel and his office, when counsel was out of town at the time the notice should have been filed) and, as permitted by the rule, granted Walker an extension. Unlike the situation in United States v. Marbley, 81 F.3d 51 (7th Cir.1996), the district court was presented with explanation for counsel's failure to file, and because it did not abuse its discretion in granting the extension in this situation where counsel made himself unavailable, see United States v. Walker, No. 95-3252, slip op. at 4 (7th Cir. Oct. 17, 1996), we have jurisdiction over this appeal.
 
 
 3
 A review of Walker's plea agreement, change of plea hearing, pre-sentence investigation report and sentencing hearing indicates that the district court fully complied with Federal Rules of Civil Procedure 11 and 32 in accepting Walker's plea and in sentencing him. Under United States v. Pollard, 72 F.3d 66, 69 (7th Cir.1995), the district court was required to impose consecutive sentences "when necessary in order to impose the total punishment prescribed by the applicable guideline range." See also United States v. Maggi, 44 F.3d 478, 481 n. 2 (7th Cir.1995); U.S.S.G. § 5G1.2(d). Because the statutory maximum punishment was 60 months for each count, the district court correctly imposed consecutive sentences to make the total amount of imprisonment as close to the Guidelines range as possible. Further, the 120-month sentence imposed was within (albeit at the top of) the range contemplated by the plea agreement. The remaining aspects of Walker's sentence were within (or in the case of the fine, below) the statutory and Guidelines ranges and are thus unappealable. 18 U.S.C. § 3742.
 
 
 4
 Having found no non-frivolous issues for appeal, we GRANT the motion to withdraw and DISMISS the appeal.