UNITED STATES of America, Plaintiff–
Appellee, Cross–Appellant,

v.

Robert BOOKER, Defendant–Appellant,
Cross–Appellee.

Nos. 96–2994, 96–3142.

United States Court of Appeals,
Seventh Circuit.

Submitted April 22, 1997 *.

Decided May 23, 1997.

Donald J. Schmid (submitted), Office of the United States Attorney, South Bend, IN, for Plaintiff-Appellee.

Donald J. Berger, Berger, James & Gammage, South Bend, IN, Robert Booker, Pekin, IL, pro se, for Defendant-Appellant.

---

* These successive appeals have been assigned to the original panel under Operating Procedure 6(b). The panel has unanimously concluded that oral argument would not assist the court.

Before EASTERBROOK, DIANE P. WOOD, and EVANS, Circuit Judges.

PER CURIAM.

A jury convicted Robert Booker of operating a crack distribution house, and of possessing crack cocaine with intent to distribute that substance, but acquitted him of using a gun during these crimes in violation of 18 U.S.C. § 924(c). At sentencing, the prosecutor asked the district judge to add two offense levels under U.S.S.G. § 2D1.1(b)(1), on the ground that Booker possessed a firearm. The judge refused, giving the jury's acquittal on the § 924(c) charge as his only reason.

We reversed and remanded for resentencing. *United States v. Pollard,* 72 F.3d 66, 68–69 (7th Cir.1995). Our opinion gives two reasons. First, innocence of a charge under § 924(c) is entirely consistent with an enhancement under § 2D1.1(b)(1). The criminal offense requires proof that the defendant "used" or "carried" the weapon in the course of the drug offense, see *Bailey v. United States,* — U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), while an enhancement under § 2D1.1(b)(1) is appropriate for simple, and entirely passive, possession. See *United States v. Carmack,* 100 F.3d 1271, 1277–80 (7th Cir.1996) (spelling out the difference between § 924(c) and § 2D1.1(b)(1)). Second, a jury properly acquits whenever the evidence does not show guilt beyond a reasonable doubt, while enhancements under the Guidelines are appropriate when the supporting facts have been established by a preponderance of the evidence. *United States v. Watts,* — U.S. ——, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997). On some issues under the Guidelines the defendant may have the burden of persuasion. Section 2D1.1(b)(1) creates one of these instances: after the prosecutor shows by a preponderance of the evidence that the defendant possessed a firearm in a place where drugs were present, "[t]he adjustment should be applied … unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1 Application Note 3.

On remand, the prosecutor offered to establish that Booker kept at least five weapons (including three assault rifles) on his person or in his crack houses. Evidence includes documents showing the weapons' purchase. The prosecutor also brought to court four witnesses who were prepared to testify to Booker's possession of these firearms. The district judge refused to receive this evidence. Instead the judge peremptorily stated (and repeated in a written sentencing memorandum): "After reviewing a transcript of the evidence at trial, this court finds that the government has failed to prove by a preponderance of the evidence that Booker used or possessed a firearm in connection with his drug trafficking."

Later the judge explained his action:

I am not inclined, even if I have the authority to do so—and I do have that authority—to fly in the face of what I believe to be a finding that is strongly implicit in a decision of a jury operating under the Sixth Amendment of the Constitution. Now, I am just old-fashioned. I believe in the separation of powers. I am not being disrespectful, but I am simply not going to do it. I don't mean to be disrespectful to the Court of Appeals or to anyone else, but it is the deepest possible conviction of mine that if the Sixth Amendment of the Constitution means anything, it means that when there is an acquittal, implicit in that acquittal is certain findings that oughtn't to be overruled. And I am not going to overrule them. So [there?] you have it.

This statement establishes that the district judge has not carried out our mandate, so we must reverse a second time.

First, a "finding" made without receiving evidence is untenable. Prosecutors and defendants alike have a right to produce evidence in support of their positions at sentencing, and judges may not announce findings without considering that evidence unless the proofs would be cumulative or irrelevant to the sentence. Some evidence that would support an adjustment under § 2D1.1(b)(1) was omitted from the trial as outside the scope of the § 924(c) charge; it must now be received. What is more, "[f]or each matter controverted, the court must make either a finding on the allegation or a determination that no finding is necessary because the con-

troverted matter will not be taken into account in, or will not affect, sentencing." Fed. R.Crim.P. 32(c)(1). The district court did not find that the contested issue whether Booker possessed a weapon would be irrelevant to the sentence and did not make the subsidiary findings essential to permit appellate review.

■ Second, we repeat that Booker has *not* been "acquitted" of the enhancement under § 2D1.1(b)(1). The jury acquitted Booker of using or carrying a firearm in connection with the offense; it was not asked to, and did not, determine whether Booker possessed the five weapons that the prosecutor believes he did, or whether it is "clearly improbable that [each] weapon was connected with the offense." These are questions for the court, not the jury. The district judge did not discuss the differences between § 924(c) and § 2D1.1(b)(1).

■ Third, we reiterate that the standards of proof and persuasion differ. No matter how much he venerates the sixth amendment, a district judge may not maintain a personal rule at odds with the law established by the Supreme Court of the United States. Article III establishes a hierarchical judiciary; a district judge may articulate reasons in an effort to persuade those who review his decisions, but if persuasion fails the judge must implement the law laid down, no matter how strongly he disagrees.

A jury could have concluded that the prosecutor had not established beyond a reasonable doubt that Booker "used" a gun in the course of drug transactions, while a preponderance of the evidence readily could show that Booker "possessed" one or more firearms that were connected with the offense in some manner. Proof of possession was to be largely documentary; the doubtful credibility of turncoat witnesses that might have loomed large to a jury considering the § 924(c) charge would be far less important under § 2D1.1(b)(1).

Because the district court has proclaimed unwillingness to carry out our mandate, we remand with instructions that the case be reassigned to a different judge under Circuit Rule 36. All findings necessary under § 2D1.1(b)(1) should be made on the basis of evidence to be presented at a new hearing.

■ Booker has filed his own appeal to make arguments concerning grouping under the Guidelines. These were raised on his first appeal and rejected without the need for separate discussion. Booker's lawyer has filed an *Anders* brief concerning his appeal. Booker was notified of his right to file a response and has not done so. After evaluating the *Anders* submission, we agree with counsel's conclusion that Booker's appeal is frivolous, because the potential arguments have already been presented to and decided by this court. Appeal No. 96–2994 is dismissed as frivolous. On the prosecutor's appeal, No. 96–3142, the judgment is

REVERSED AND REMANDED.

EVANS, Circuit Judge, dissenting.

Robert Booker is no boy scout. Along with Timothy Pollard he ran a crack cocaine business in South Bend, Indiana, during 1991 and part of 1992. A jury found him guilty on a charge of conspiracy to peddle crack and two substantive distribution charges, but it acquitted him on an 18 U.S.C. § 924(c) charge alleging that he used or carried a firearm in connection with his drug business.

Booker has paid a steep price for his crimes. The amount of crack for which he was held responsible earned him a spot at base offense level 38 under the federal sentencing guidelines. His leadership role in the enterprise (under guideline § 3B1.1(a)) added 4 more points, which put him at level 42, one step below the absolute top of the guidelines. Level 42 calls for a sentence between 360 months and life—without regard to one's criminal history. The only level above 42 calls for a life sentence without parole across the board.

Following our remand, *United States v. Pollard*, 72 F.3d 66 (7th Cir.1995), Booker was sentenced to 30 years (without parole, of course) on the conspiracy charge. Judge Sharp, as the majority notes, declined to further increase Booker's level up to 43 by invoking an enhancement under § 2D1.1(b)(1). The judge was impressed with the jury acquittal on the § 924(c) count

(after all, § 924(c) and § 2D1.1(b)(1) are closer than kissing cousins), and he said, "After reviewing a transcript of the evidence at trial, this court finds that the government failed to prove by a preponderance of the evidence that Booker used or possessed a firearm in connection with his drug trafficking." While this finding is cryptic and perhaps a reach as well, I would honor it and affirm Booker's sentence. The result of the majority's order will, I think, mean that Booker will get life without parole. That sentence will be the result of our overriding concern that a clearly reluctant district judge did not make his findings in exactly the way we told him to. And, in fact, he did not, but neither did he fail entirely to make the essential finding. The unfairness of a life sentence without parole for Mr. Booker, despite the majority's guideline-speak, is the more important issue; it will be a grossly unjust result compared to the term imposed on his co-entrepreneur, Mr. Pollard.

One of the guidelines' selling points was that they would eliminate disparity in sentencing. But if you blindfolded a judge, spun her around three times, and gave her a stick to point at a penalty chart—ala Pin the Tail on the Donkey—you would not, in my view, have any more disparity than we have today in federal court sentencing proceedings under the guidelines. This case is a good example.

First, there's the initial decision to charge Booker in federal court, where the penalties are steep, instead of the courts of Indiana. Second, Booker is black and deals in crack, which carries penalties 100 times greater under the guidelines than would be the case if he sold powder cocaine, the choice of folks who live in tony suburbs. The law, of course, says this is perfectly cricket, but that doesn't make it fair. Lastly, Pollard, who as we noted in our prior opinion is almost a career offender, was every bit the drug dealer Booker (who has no criminal record) was; yet, comparatively, he was handled with kid gloves. The prosecutor, who has enormous (critics suggest too much) power under the guidelines, gave Pollard all sorts of consideration which resulted, upon remand, in a sentence of 10 years and 1 month. On the other hand, the prosecutor wants to lock up Booker and throw the key away ... forever. Even bad apples should be treated with some semblance of fairness, so I dissent from today's decision to reverse the order of Judge Sharp as requested by the government. I agree, however, with the court's disposition of Booker's own appeal.