134 F.3d 374
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert BOOKER, Defendant-Appellant.
 No. 97-3633.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 7, 1998.*
Jan. 22, 1998.
 Order
 
 1
 For a third time, questions about Robert Booker's convictions and sentence for drug offenses are before the court.
 
 
 2
 In United States v. Pollard, 72 F.2d 66 (7th Cir.1995), we affirmed Booker's convictions (and those of his fellow defendants) but, on the prosecutor's cross-appeal, remanded for reconsideration of the whether Booker's sentence should be enhanced for possessing a weapon in connection with the offense.
 
 
 3
 In United States v. Booker, 115 F.3d 442 (7th Cir.1997), the second appeal, we concluded that the district judge had not followed our mandate and remanded for a third sentencing proceeding, before a different district judge. We affirmed on Booker's cross-appeal, concluding that the issues he sought to present had been settled in the first appellate proceedings.
 
 
 4
 On remand, the case was reassigned to Judge Miller, who built a new evidentiary record and concluded that Booker possessed multiple guns in connection with his drug business. Judge Miller concluded that the testimony was "credible and persuasive" and established "not just by a preponderance of the evidence but beyond a reasonable doubt, that Mr. Booker possessed not only one, but several, firearms during the course of the conspiracy." This finding required the judge to add two levels to Booker's offense severity score under U.S.S.G. § 2D1.1(b)(1), yielding a total of 42 and a range of 360 months to life. The district judge sentenced Booker to 360 months' imprisonment, from which he appeals.
 
 
 5
 Donald J. Berger, who has represented Booker throughout, has filed a motion for leave to withdraw as his counsel, purportedly under Anders v. California, 386 U.S. 738 (1967). We say "purportedly" because the brief does not make any effort to comply with the requirement of Anders that counsel advise the court what issues could be presented, and why these potential issues are frivolous. See United States v. Edwards, 777 F.2d 364 (7th Cir.1985). Instead Berger's filing simply narrates the proceedings to date and adds:
 
 
 6
 Counsel has after a conscientious examination advised the Defendant and suggested that the Defendant request new Counsel to represent him in further appeal. As such, present Counsel feels that he can no longer perform in the role of an effective advocate on behalf of the Defendant as to pursue same would be wholly frivolous. Therefore, Counsel though moving to withdraw requests this Court to grant the Defendant an extended period of time to retain or have new Counsel appointed, meet with new Counsel and continue to prepare his defense appeal.
 
 
 7
 Berger did not tell us on what basis he had concluded that the appeal is "wholly frivolous" or explain why we should appoint a different lawyer to pursue a frivolous appeal.
 
 
 8
 The lack of analysis presents a difficult problem for the court. If this were Booker's initial appeal, we would have no option other than to discharge Berger and appoint a new lawyer, who would provide Booker with the benefits of a zealous advocate--even if the second lawyer were likely in turn to file a proper Anders brief. Scouring the record will in some percentage of cases turn up a non-frivolous issue, and a defendant is entitled to legal assistance in this endeavor. But because this case has been before us twice already, there are no potentially concealed issues that require excavation. All issues about Booker's conviction, and all but one of the issues relevant to his sentence, have been settled. The only subject open on the second remand was whether two levels would be added for possessing firearms, and the stakes were clear: if the judge answered yes, Booker would be sentenced to at least 360 months' imprisonment; if the judge answered no, the sentence would be 240 months. Booker received the lowest possible sentence from the higher range, so there can be no issue about the district judge's exercise of discretion. Because the rules of evidence do not apply to sentencing hearings, technical issues that require legal assistance did not come up. And because the decision was based on documents and live testimony presented at the hearing, potentially difficult issues about the extent to which a judge may rely on hearsay did not arise.
 
 
 9
 What remains is a credibility decision by the district judge--and a decision to credit the testimony of a witness, when the available documents are in accord with that testimony, is essentially immune to appellate review. Anderson v. Bessemer City, 470 U.S. 564, 575 (1985). It is impossible even to imagine what a more diligent advocate could do for Booker. (Booker's imagination is no more fruitful than ours; given an opportunity to respond to Berger's Anders brief, Booker declined.) So we have the rare case in which, despite counsel's non-compliance with Anders, it would be pointless to recruit another lawyer and repeat the exercise. The remand was so limited that there is no searching to be done. It is pellucid that there are no non-frivolous issues. Berger is accordingly discharged, and the appeal is dismissed as frivolous.
 
 
 
 *
 This case has been assigned to the original panel under Operating Procedure 6(b). After an examination of the briefs and the record, we have concluded that oral argument if unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)