Samuel Joseph **TRINIDAD II,**
**Plaintiff–Appellant,**

v.

Gary R. **McCAUGHTRY, et al.,**
**Defendants–Appellees.**

No. 01–1018.

United States Court of Appeals,
Seventh Circuit.

Submitted June 7, 2001.*

Decided June 18, 2001.

* This successive appeal has been assigned to the original panel under Operating Procedure 6(b). Appellees have waived their right to file a brief. After an examination of appellant's brief and the record, we have concluded that oral argument is unnecessary. See Fed. R.App. P. 34(a); Cir. R. 34(f).

Before COFFEY, EASTERBROOK and EVANS, Circuit Judges.

### Order

Samuel Trinidad, who is imprisoned in Wisconsin, contends (among other things) that the prison imposed sanctions for a prayer he included in a letter sent to another prisoner. The district court dismissed the complaint, before service of process was made on defendants, under 28 U.S.C. § 1915A. On a prior appeal we reversed with respect to this aspect of Trinidad's claim. Although the prison apparently believes that the language was employed as a gang slogan, we held that this was not a proper ground of dismissal under § 1915A and that the prison must substantiate its position. We remanded with instructions that "the record be supplemented with the necessary documents to determine whether there is 'some evidence' to support the disciplinary action against Trinidad." *Trinidad v. McCaughtry*, No. 99–4046, 2000 WL 868585 (7th Cir. June 26, 2000) (unpublished).

The district judge failed to carry out this instruction. The judge once again dismissed the complaint under § 1915A. There is no evidence in the record; the defendants remain unserved. The judge's explanation for this decision is that our remand was mistaken. The district judge wrote:

> In remanding this matter, the court of appeals assumed that petitioner's disciplinary hearing implicated due process concerns. I believe this was an oversight by the court. In *Sandin v. Conner*, 515 U.S. 472, 483–484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court held that liberty interests "will generally be limited to freedom from restraint . . .". [The district judge then wrote that Trinidad has not alleged a loss within the scope of *Sandin*.] . . . [I]n the absence of a protectable liberty or property interest, the validity of the prison review board's decision is beyond the reach of the courts' reviewing power.

The district judge then dismissed the complaint a second time.

Appellate judges are not immune from error. We make plenty of mistakes. There is even an institution in the judicial hierarchy charged with the duty of correcting error by a United States Court of Appeals–but that institution is not the United States District Court for the Western District of Wisconsin. Defendants did not ask the Supreme Court to review our decision. It was (and is) the obligation of the district court to implement our mandate even if unpersuaded by our rationale. "Ours is a hierarchical judiciary, and judges of inferior courts must carry out decisions they believe mistaken. *Hutto v. Davis,* 454 U.S. 370, 375, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982)." *Gacy v. Welborn,* 994 F.2d 305, 310 (7th Cir.1993). See also *United States v. Booker,* 115 F.3d 442 (7th Cir.1997).

 For what it is worth, we add that the error is the district court's, not ours. Trinidad's claim depends on the first amendment, not the due process clause. No state prison may penalize the freedom of speech just because the coin in which the penalty is exacted does not count as "liberty or property" for purposes of a separate clause in the Constitution. See, e.g., *DeTomaso v. McGinnis,* 970 F.2d 211, 214 (7th Cir.1992); *Haymes v. Montanye,* 547 F.2d 188 (2d Cir.1976). Rights of expression are curtailed in prison, see *Shaw v. Murphy,* 532 U.S. 223, 121 S.Ct. 1475, 149 L.Ed.2d 420 (2001), and perhaps the defendants had a good reason for reacting to Trinidad's use of the prayer. But that question must be answered through the lens of cases such as *Shaw* rather than by reference to *Sandin* and a different part of the Bill of Rights. Our order may have misled the district court by using a phrase ("some evidence") with due process connotations, but we men-

tioned the first amendment as the basis of the claim, so this phrase should not have sidetracked the suit.

Far too much time has elapsed in this case, and we have not yet reached the point of serving process on the defendants. Trinidad filed his first appeal in 1999. He should not have had to file a second to obtain compliance with our decision. The judgment is reversed, the case is remanded, and the district judge must implement our mandate forthwith. The mandate will issue immediately. No petition for rehearing will be entertained.