NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 14, 2015*
Decided October 20, 2015

Before

DIANE P. WOOD, *Chief Judge*

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

| | |
|---|---|
| No. 15-1726 | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,* | |
| *v.* | No. 3:93-CR-62 RLM |
| ROBERT BOOKER,<br>    *Defendant-Appellant*. | Robert L. Miller, Jr., *Judge*. |

**Order**

When Robert Booker was first sentenced, the district court found that his relevant conduct includes distributing at least 1.5 kilograms of cocaine base. (That quantity, in the mid-1990s, led to the highest possible offense level for drugs alone.) The district judge declined, however, to apply a firearms enhancement. This led to two appellate

---

* This successive appeal has been submitted to the original panel under Operating Procedure 6(b), with Judge Bauer replacing Judge Evans. After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

reversals, 72 F.3d 66 (7th Cir. 1995), and 115 F.3d 442 (7th Cir. 1997), directing that this enhancement be applied. In 1997, after the second remand, a different judge sentenced Booker to life imprisonment, calculating relevant conduct at 24 kilograms of crack.

Booker did not contest the 24-kilogram finding on appeal or via a collateral attack under 28 U.S.C. §2255. Indeed, Booker had not challenged the presentence report's 24-kilogram estimate at the 1997 sentencing hearing. But after the Sentencing Commission reduced the Guideline range for drug cases, with retroactive effect (see Amendment 782), Booker asked the district court to hold a full resentencing and substantially decrease the amount of cocaine for which he is accountable.

The district court declined to engage in full resentencing. Instead it calculated an offense level of 42 under the new Guideline, which led to a range of 360 months to life. (The old offense level had been 44, producing a "range" of life imprisonment with no lower option.) A retroactive change to a Guideline allows the judge to select a sentence within the revised range, see 18 U.S.C. §3582(c)(2), and the judge resentenced Booker to 456 months' imprisonment.

Booker contends on appeal that this new sentence is too high, because he is not accountable for 24 kilograms of crack cocaine. He wants a full resentencing, with new evidence and new judicial findings. But the Supreme Court held in *Dillon v. United States*, 560 U.S. 817 (2010), that §3582(c)(2) does not authorize a full resentencing. The court must take as given the findings already made in the case and apply the revised Guidelines to those findings. The district judge proceeded as §3582(c)(2) and *Dillon* require.

AFFIRMED