**Russell D. WOODHOUSE,
Petitioner–Appellant,**

**v.**

**UNITED STATES of America,
Respondent–Appellee.**

**No. 96–3112.**

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 28, 1997.

Decided March 20, 1997.

Rehearing and Suggestion for Rehearing En Banc Denied April 30, 1997.

Timothy A. Bass, Office of the United States Attorney, Springfield, IL, for Plaintiff–Appellee.

David B. Mote, Office of the Federal Public Defender, Springfield, IL, for Defendant–Appellant.

Before CUDAHY, DIANE P. WOOD, and EVANS, Circuit Judges.

TERENCE T. EVANS, Circuit Judge.

Over six years ago, Russell D. Woodhouse pled guilty to two counts—conspiracy to distribute a controlled substance and using a firearm during and in relation to a drug trafficking crime, the latter under 18 U.S.C. § 924(c). The government filed a motion for a downward departure pursuant to § 5K1.1 of the federal sentencing guidelines and, when the motion was accepted by the district

judge, Woodhouse was sentenced to 67 months on the conspiracy count. A mandatory consecutive 60–month term was imposed on the firearm count.

After the Supreme Court's decision in *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), Mr. Woodhouse filed a § 2255 petition which sought to vacate his conviction on the firearm count. His petition was granted and the firearm conviction was set aside. When this occurred Woodhouse had already completed serving the sentence on the conspiracy count (with some 9 months to spare), so he was released from custody while the parties briefed the issue of whether he could be resentenced. The government sought resentencing on the conspiracy count to include a 2–level enhancement for possession of the firearm during a drug offense (pursuant to § 2D1.1 of the federal sentencing guidelines), a move which was unavailable the first time around because the § 924(c) charge was lurking off-stage.

Woodhouse argued that resentencing on the conspiracy count would violate the Double Jeopardy Clause of the Constitution. "Not so," said the government as § 2255 clearly authorizes the court to "vacate, set aside or correct the petitioner's sentence." The district judge thought the "sentencing package rule" applied, and because the package was disturbed by the vacation of the term set for the firearm conviction, resentencing, in the judge's view, got the green light. So Woodhouse was resentenced to a term of 84 months on the drug count and this appeal followed.

After the briefs were filed on this appeal we decided *United States v. Smith*, 103 F.3d 531 (7th Cir.1996), which brings a swift end to the case. *Smith* considered the identical issue Woodhouse raises, and it justifies the district judge's view of the "sentencing package" concept. That Woodhouse, unlike the defendant in *Smith*, was released pending resentencing makes no difference, given the particular facts of this case. The district court rightly construed the interdependence of the 2–level enhancement and § 924(c) as a sentencing package. Woodhouse was released only after his sentencing package had been unbundled. Under these particular circumstances, there can be no expectation of finality with regard to the total sentence until a new sentence has been fashioned. *Id.* at 535. So this appeal comes up dry, but we note one aspect of the case that merits mention before we leave.

At the original sentencing the government moved for a downward departure, pursuant to § 5K1.1 of the federal sentencing guidelines, on the drug conspiracy count. Without the downward departure motion, Woodhouse faced sentencing, on count 1, to a term within a range of 121 to 151 months. Whatever sentence was ordered, of course, would then be followed by the mandatory 60–month sentence on the firearm count.

The downward departure given by the court, at the urging of the government, was generous. When considering the magnitude of the reduction to recommend to the court, the government viewed the potential "total penalty" to be a combined minimum of 181 months. The government asked the court to "reduce the whole package" by 54 months. The request was granted, and in effect a 127–month sentence—67 months on the conspiracy count and 60 on the firearm count—was ordered.

At the resentencing, the government commendably did not retreat from the downward departure motion it made when Woodhouse was first sentenced. Instead, again commendably, it asked that the new sentence include an identical "percentage reduction" as part of a downward departure. The district judge agreed and a term of 84 months was imposed. It's true Woodhouse has not received a windfall—a major downward departure plus a sentence on the drug count without a 2–level enhancement for possessing a firearm while dealing. Yet, given the favorable consideration he received on the downward departure (as well as the particular circumstances of Woodhouse's case), we fail to see how the Double Jeopardy Clause has been violated or Woodhouse has been mistreated. *Cf. United States v. Binford*, 108 F.3d 723, 730 (7th Cir.1997). The benefit he received from *Bailey*—43 months off his original term—was significant, and the Dou-

ble Jeopardy Clause has not been offended. His only real complaint is essentially that he can't have his cake and eat it too. We do not think much of that argument.

AFFIRMED.