124 F.3d 203
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Oscar AGUILAR-ANDRADE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-3873.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 24, 1997.*
Decided July 2, 1997.
 
 Before RIPPLE, ROVNER, and EVANS, Circuit Judges.
 
 ORDER
 PLUNKETT
 
 1
 On February 5, 1993, Oscar Aguilar-Andrade pleaded guilty to conspiracy to possess with intent to distribute cocaine and heroin, in violation of 21 U.S.C. § 846, and possession of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Aguilar-Andrade was sentenced to the statutory minimum of 120 months' imprisonment on the conspiracy conviction, and to a consecutive term of 60 months' imprisonment on the firearm possession conviction. The court also sentenced Aguilar-Andrade to an additional consecutive four months' imprisonment for contempt of court as a result of his refusal to testify against his co-defendant despite a grant of immunity and a provision in his plea agreement that the government might seek his testimony. Aguilar-Andrade did not file a direct appeal.
 
 
 2
 In October of 1994, Aguilar-Andrade challenged his § 924(c) firearm conviction in a motion for relief pursuant to 28 U.S.C. § 2255. The district court denied the motion, and while Aguilar-Andrade's appeal was pending before this court, the Supreme Court decided Bailey v. United States, 116 S.Ct. 501 (1995). Bailey clarified the definition of "use" for purposes of firearm crimes under § 924(c). Id. at 505. This court remanded to the district court upon its certification that it intended to reconsider Aguilar-Andrade's § 924(c) conviction in light of Bailey. The government moved to vacate the § 924(c) conviction and resentence Aguilar-Andrade on the remaining conviction with the addition of a U.S.S.G. § 2D1.1(b)(1) enhancement for possession of a firearm at the time of the offense. The district court agreed and resentenced Aguilar-Andrade to 140 months' imprisonment on the conspiracy conviction, and to a consecutive four months' imprisonment for contempt of court.
 
 
 3
 Aguilar-Andrade appeals, arguing that the district court lacked jurisdiction to resentence him on the unchallenged conviction remaining after his successful Bailey challenge. The law in this circuit on this precise issue is now well-settled, and renders Aguilar-Andrade's appeal without merit. A sentence imposed for multi-count convictions is a package and becomes unbundled when a § 924(c) conviction is set aside. The district court is vested with jurisdiction to completely resentence what remains in order to effectuate a recognition in the ultimate sentence for each element contemplated by the Sentencing Guidelines. When a § 924(c) conviction for use of a firearm is vacated, the applicability of the otherwise impermissible enhancement for possession of a firearm may be revived, depending on the facts. See United States v. Smith, 103 F.3d 531, 534-35 (7th Cir.1996); United States v. Binford, 108 F.3d 723, 728-29 (7th Cir.1997); and Woodhouse v. United States, 109 F.3d 347, 348 (7th Cir.1997).
 
 
 4
 There being no dispute as to Aguilar-Andrade's possession of firearms during his drug trafficking offense, the judgment of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)