124 F.3d 206
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bennie McKINNEY, Defendant-Appellant.
 No. 97-1009.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 4, 1997.*
Decided July 17, 1997.
 
 Appeal from the United District Court for the Central District of Illinois, Springfield Division, No. 88-30057; Richard Mills, Judge.
 Before Hon. Richard A. Posner, Chief Judge, Hon. William J. Bauer, Circuit Judge, Hon. Joel M. Flaum, Circuit Judge.
 
 ORDER
 
 1
 Petitioner Bennie McKinney's case comes to this court by an increasingly familiar route. Following the Supreme Court's decision in Bailey v. United States, 116 S.Ct. 501 (1995), McKinney filed a petition pursuant to 28 U.S.C. § 2255, seeking to vacate his conviction for using a firearm during the commission of a drug-trafficking offense in violation of 18 U.S.C. § 924(c). The district court granted his petition on August 26, 1996, and the government requested that McKinney be resentenced on the remaining counts of his conviction: possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The court granted this motion, resentencing McKinney to 168 months on the cocaine count and to 120 months on the felon in possession count, to be served concurrently. McKinney had originally been sentenced to concurrent terms of 121 months and 60 months for these offenses, to be served consecutively with the 60 month sentence he received on the § 924(c) count.[1] Contending that the district court lacked jurisdiction under § 2255 to resentence him, and that his resentencing violates both the Double Jeopardy and Due Process Clauses, he asks us to vacate the sentence imposed by the district court.
 
 
 2
 The issues raised in the instant appeal have been addressed by this court in several recent opinions: United States v. Smith, 103 F.3d 531 (7th Cir.1997), United States v. Binford, 108 F.3d 723 (1997), and Woodhouse v. United States, 109 F.3d 347 (7th Cir.1997). Smith and its progeny hold that, when a petitioner mounts a successful collateral attack on a single count of a multiple-count conviction, a district court has jurisdiction under 28 U.S.C. § 2255 to resentence the petitioner on the remaining counts of his conviction, and that such resentencing does not violate the Double Jeopardy Clause. Woodhouse, 109 F.3d at 348-49; Binford, 108 F.3d at 72; Smith, 103 F.3d at 534-35. McKinney's appeal is essentially a request that we reconsider the holdings of these cases. Because we find the above-mentioned decisions both dispositive and well-reasoned, we decline to do so.
 
 
 3
 As we explained in Smith, a sentence on a multiple-count conviction is a "package" in that the sentences on the individual counts are inter-dependent. See Smith, 103 F.3d at 533. For example, the district court, in calculating McKinney's original sentence, was precluded from applying an enhancement for possession of a dangerous weapon under section 2D1.l(b)(1) of the United States Sentencing Commission Guidelines because McKinney had already received an additional sentence for using a firearm in the commission of a drug-trafficking offense. See Binford, 108 F.3d at 728 (explaining interdependent relationship of § 924(c) and U.S.S.G. § 2D1.1(b)(1)). Vacating McKinney's § 924(c) conviction "unbundled" this sentencing package. See id. at 729. Contrary to the district court's "original sentencing intent," McKinney's sentence no longer reflected that he possessed a firearm during the commission of his offense. See id. The court was therefore permitted to "rebundle" the package by awarding a two-level enhancement under section 2D1.1(b)(1). See id. We have held that this "sentencing package concept is just as applicable in the collateral attack context as it is in the direct appeal context." Id.; see also Smith, 103 F.3d at 534.
 
 
 4
 The concept of the "sentencing package" likewise defeats McKinney's claim that resentencing him violates the Double Jeopardy and Due Process Clauses. See Binford, 108 F.3d at 72; Smith, 103 F.3d at 535. He contends that, because he has served 102 months of his 121-month sentence, "his expectation in the finality of his sentence had crystallized" and it would therefore be "fundamentally unfair" to resentence him. However, as we explained in Smith, because the components of a petitioner's sentence are interrelated, there can be no expectation of finality "until action is taken with regard to the whole sentence." Smith, 103 F.3d at 533. This court has found this to be true even when the defendant has finished serving his original sentence on the undisturbed counts of his conviction at the time his § 924(c) conviction is vacated. See Woodhouse, 109 F.3d at 348 (holding that petitioner who had been released pending resentencing had no expectation of finality in his sentence because he "was released only after his sentencing package had been unbundled"); see also Smith, 103 F.3d at 535. McKinney will benefit from a thirteen-month reduction in his sentence as a result of the district court's vacatur of his § 924(c) conviction. We see nothing fundamentally unfair in this result.
 
 
 5
 McKinney's sentence is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 This sentence is technically not McKinney's original sentence, as it was imposed by the district court following remand from this court. On direct appeal, we affirmed McKinney's conviction, but remanded the case for resentencing on the firearms charges. See United States v. McKinney, 919 F.2d 405 (7th Cir.1990)