82 F.3d 403
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Teddy LEON-AYALA, Plaintiff, Appellant,
v.
UNITED STATES of America, Defendant, Appellee.
 No. 95-1868.
 United States Court of Appeals, First Circuit.
 April 5, 1996.
 
 APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Raymond L. Acosta, Senior U.S. District Judge]
 Teddy Leon-Ayala on brief pro se.
 Guillermo Gil, United States Attorney, Jose A. Quiles Espinosa, Senior Litigation Counsel, and Warren Vazquez, Assistant U.S. Attorney, on brief for appellee.
 D.Puerto Rico
 AFFIRMED.
 Before TORRUELLA, Chief Judge, SELYA and CYR, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner challenges the denial of a motion under 28 U.S.C. § 2255 to vacate or correct his sentence. We affirm.
 
 
 2
 Petitioner was convicted by a jury, along with his codefendants, of conspiring to possess, and possession of, cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 846. A charge of use of a firearm in relation to a drug offense under 21 U.S.C. § 924(c)(1), was dismissed by the court for insufficient evidence, and a judgment of acquittal entered thereon under Fed.R.Crim.P. 29. Petitioner's conviction and sentence (to 95 months' imprisonment) were affirmed on appeal. United States v. Torres-Maldonado, 14 F.3d 95, 99, 103-05 (1st Cir.), cert. denied, 115 S.Ct. 193 (1994).
 
 
 3
 The focus of petitioner's § 2255 attack is a two level enhancement of his sentence for possession of a firearm in connection with a drug offense under U.S.S.G. § 2D1.1(b)(1). (1) He argues that his counsel rendered ineffective
 
 
 4
 assistance by failing to object, or failing to support an objection, to the sentencing increase in light of his acquittal of the firearms charge under 18 U.S.C. § 924(c)(1). The claim is belied by the record which shows that counsel made a detailed objection at the sentencing hearing, supported by reasoned argument. The sentencing enhancement was imposed over this objection because the court found the facts sufficient to satisfy the lesser burden of proof required for the enhancement, in that petitioner could have reasonably foreseen his accomplice's possession of a weapon, and there was sufficient evidence connecting the drug offenses to weapons found at the scene. As to counsel's failure to renew the objection on appeal, petitioner offers no reason to suspect that this was other than a deliberate strategic decision, nor that he reasonably could have expected to succeed in an appellate challenge to the trial court's fact-based determination. See United States v. Vega-Encarnacion, 914 F.2d 20, 24 (1st Cir.1990) (explaining that a sentencing court's assessment of the factual record will be set aside only if "clearly erroneous"), cert. denied, 499 U.S. 977 (1991); see also Lema v. United States, 987 F.2d 48, 51 (1st Cir.1993) (explaining elements needed to sustain a claim of ineffective assistance of counsel). We thus see no "clear error" in the district court's rejection of petitioner's ineffective assistance of counsel claim on the basis of the record facts. See id. at 53.
 
 
 5
 (2) Petitioner argues that because two co-defendants won reversals on appeal of their firearms convictions under 18 U.S.C. § 924(c)(1), the sentence enhancement petitioner received "as a result of their convictions in the district court should be vacated." Apprehending no basis for the connection petitioner has drawn, we reject this contention.
 
 
 6
 (3) Petitioner argues in a supplement to his brief that the sentence enhancement should be set aside in light of the Supreme Court's decision in Bailey v. United States, 116 S.Ct. 501 (1995), decided during the pendency of this appeal. We need not decide whether Bailey retroactively applies to this collateral proceeding, because the decision does not support, but undermines petitioner's argument. In Bailey the Court defined the word "use" in 18 U.S.C. § 924(c)(1), as requiring proof of "active employment" of the weapon to sustain a conviction. Id. at 505, 508. The Court expressly distinguished the statutory term "use" from the passive "possession" of a weapon which may trigger a sentence enhancement under U.S.S.G. § 2D1.1(b)(1). Id. at 508; see also United States v. Gary, 74 F.3d 304, 317 n. 11 (1st Cir.1996) (explaining that Bailey recognizes that the sentencing guidelines may provide enhancements based on mere possession).
 
 
 7
 Lastly, the district court did not err in disposing of this motion without an evidentiary hearing as petitioner offered no reason it could not be fairly and effectively "heard" on the papers. See United States v. McGill, 11 F.3d 223, 225-26 (1st Cir.1993).
 
 
 8
 Affirmed.