**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                            No. 95-5620

THOMAS MICHAEL AVERITTE,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Rockingham.
N. Carlton Tilley, Jr., District Judge.
(CR-94-273)

Submitted: March 5, 1996

Decided: June 18, 1996

Before HALL and MICHAEL, Circuit Judges, and BUTZNER,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro,
North Carolina, for Appellant. Walter C. Holton, Jr., United States
Attorney, Michael F. Joseph, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Thomas Michael Averitte pled guilty to conspiracy to possess controlled substances with intent to distribute, 21 U.S.C.A. § 846 (West Supp. 1995), and distribution of Diazepam (Valium) and lysergic acid diethylamide (LSD), 21 U.S.C.A. § 841 (West 1981 & Supp. 1995). He was acquitted of using or carrying a firearm in relation to a drug trafficking offense, 18 U.S.C.A. § 924(c) (West Supp. 1995). Averitte was sentenced to a term of 30 months imprisonment. He appeals his sentence, contending that the district court clearly erred in enhancing his sentence for possession of a shotgun, USSG § 2D1.1(b)(1).* He also challenges the constitutionality of Application Note 3 to USSG § 2D1.1, alleging that it requires the defendant to disprove an aggravating factor. We affirm.

Averitte and Jessica Cunningham sold marijuana, codeine tablets, Valium, and LSD to a confidential informant a number of times in December 1993 and February 1994. The sales were made in the house shared by Averitte and Cunningham. During these transactions, the informant saw a shotgun in various places in the house, including under the sofa where the marijuana was kept. He also saw Averitte shooting the shotgun in his back yard. Averitte told the informant the shotgun was his and that he had once used it for hunting. When Averitte's house was searched in March 1994, the unloaded shotgun was found under the sofa next to a box containing marijuana.

In calculating Averitte's sentence, the probation officer recommended a 2-level enhancement under USSG § 2D1.1(b)(1) for the presence of a firearm, to which Averitte objected. At the sentencing hearing, defense counsel argued that the evidence at trial showed that

_____

*United States Sentencing Commission, <u>Guidelines Manual</u> (Nov. 1994).

2

the shotgun was used for hunting and was not connected to the drug offense. However, the district court found, based on the trial evidence, that the government had proved "that the gun not only was present but connected with the offense."

We need not reach the constitutional issue raised by Averitte because the burden of proof was never shifted to him. Rather than simply finding that the shotgun was present during the offense, which would have allowed Averitte an opportunity to show that the gun was unconnected to the offense, the district court stated, "I think the gun clearly was connected with the drug offense and, of course, the standard here is whether it was clearly improbable that it had a connection. I think it clearly was connected." We find, moreover, that the district court did not clearly err in so ruling.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3