101 F.3d 702
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael FARRUGIA, Defendant-Appellant.
 No. 95-1501.
 United States Court of Appeals, Sixth Circuit.
 Nov. 14, 1996.
 
 Before: ENGEL, MERRITT and RYAN, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 The defendant, Michael Farrugia, appeals from a judgment of conviction following a jury verdict of guilty on two counts of distribution of marijuana, in violation of 21 U.S.C. § 841(a)(1); one count of possession of marijuana with intent to distribute, also in violation of 21 U.S.C. § 841(a)(1); and one count of use of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c). His appeal requires this court to assess his convictions in light of two recent decisions of the United States Supreme Court: United States v. Ursery, 116 S.Ct. 2135, 2138 (1996), holding that civil forfeitures, generally, do not constitute punishment for purposes of the Double Jeopardy Clause of the Fifth Amendment, and Bailey v. United States, 116 S.Ct. 501, 503 (1995), holding that a defendant has not been shown to have "use[d] ... a firearm" within the meaning of section 924(c) when the government merely produces "evidence of the proximity and accessibility of a firearm to drugs or drug proceeds."
 
 
 2
 We conclude that we must affirm Farrugia's convictions on the drug charges and vacate his conviction on the firearm charge.
 
 I.
 
 3
 In the spring of 1992, a police officer in the Farmington Hills, Michigan Police Department arranged for a confidential informant to make a controlled buy of one pound of marijuana at the home of Michael Farrugia. The initial attempt was abandoned, but a second attempt resulted in the successful purchase of one pound of marijuana. That same day, police officers observed an individual in front of Farrugia's home loading a large bag into his car. A stop and search of the vehicle revealed more than 30 pounds of marijuana in the trunk.
 
 
 4
 Special agents of the DEA executed a search warrant at Farrugia's Farmington Hills home the same evening. They seized more than thirty pounds of marijuana, as well as currency and personal property, including four firearms.
 
 
 5
 In September 1992, the government filed a civil forfeiture action pursuant to 21 U.S.C. ss881(a)(6) & (7), proceeding against, among other things, Farrugia's home. Farrugia filed a claim of interest in the premises, making himself a party to the forfeiture action. In October 1993, Farrugia entered into a stipulated consent judgment in which he agreed to pay the government $5,000, pursuant to 21 U.S.C. § 881(a)(7) only. He paid this amount in January 1994, and the lis pendens on his home was discharged.
 
 
 6
 In August 1994, some two years after the inception of the civil forfeiture proceeding, Farrugia was charged in a four-count indictment with the drug and firearms crimes described above. Following a jury trial, Farrugia was convicted on all counts. He then filed a motion to "Preclude the Imposition of Sentence for Violation of Double Jeopardy," arguing that his payment of $5,000 pursuant to the consent judgment of forfeiture was "punishment," and that the subsequent criminal prosecution constituted double jeopardy in violation of the Fifth Amendment. The district court denied the motion, and sentenced Farrugia to 33 months' imprisonment on each of the three drug-trafficking counts, to be served concurrently, and 60 months' imprisonment on the gun count, to be served consecutively. Farrugia then filed this timely appeal.
 
 II.
 A.
 
 7
 This court exercises de novo review over the question whether a criminal prosecution constituted double jeopardy in violation of the Fifth Amendment. Costo v. United States, 904 F.2d 344, 346 (6th Cir.1990).
 
 
 8
 Farrugia's real property was civilly forfeited pursuant to 21 U.S.C. § 881(a)(7), which provides that real property is forfeitable if it is used to facilitate the commission of a drug-trafficking crime, that is, if it is an "instrumentality" of the crime. In its recent decision in United States v. Ursery, --- U.S. ----, 116 S.Ct. 2135 (1996), the Supreme Court reversed and vacated this court's decision in United States v. Ursery, 59 F.3d 568 (6th Cir.1995), and held that "in rem civil forfeitures [under section 881(a)(7) ] are neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause." Ursery, 116 S.Ct. at 2149. The Court concluded that "there is little evidence, much less the clearest proof that we require, suggesting that forfeiture proceedings ... are so punitive in form and effect as to render them criminal despite Congress' intent to the contrary." Id. at 2148 (citations and internal quotation marks omitted).
 
 
 9
 Given the clear purport of Ursery, we conclude that the Double Jeopardy Clause was not violated when the government instituted criminal proceedings against Farrugia after his payment of $5,000 pursuant to the consent judgment of forfeiture under section 881(a)(7).
 
 B.
 
 10
 In his brief, Farrugia has argued that this court should reverse his conviction under 18 U.S.C. § 924(c). After the briefs were filed in this appeal, the Supreme Court decided Bailey, 116 S.Ct. 501, "a case that narrowed the previously broad range of conduct to which § 924(c) had been applied." United States v. Tucker, 90 F.3d 1135, 1143 (6th Cir.1996). The government has now confessed error on the section 924(c) conviction, in light of Bailey. While that concession does not bind our disposition of the appeal, see Gibson v. United States, 329 U.S. 338, 344 & n. 9 (1946); Young v. United States, 315 U.S. 257, 258-59 (1942), we think it is clear that Farrugia's conviction was premised solely on a "fortress analogy" theory, as that concept was first discussed by this court in United States v. Henry, 878 F.2d 937, 943 (6th Cir.1989). As such, the conviction was premised on activity that, after Bailey, no longer constitutes "using" or "carrying" firearms within the meaning of section 924(c). See Tucker, 90 F.3d at 1143. We agree with the government, therefore, that the judgment of conviction on this count must be vacated. Consequently, it is unnecessary to address the defendant's contention that the introduction into evidence of photographs showing Farrugia holding the assault-style rifles found in his home violated Fed.R.Evid. 401 and 403.
 
 
 11
 The government asks that the case be remanded for resentencing, in order that Farrugia's sentence for the drug counts may be enhanced for possession of a firearm, pursuant to U.S.S.G. § 2D1.1(b)(1). It has been thoroughly established in this court that vacating of the section 924(c) convictions means that remand is appropriate to allow the government to seek such an enhancement. Tucker, 90 F.3d at 1143; United States v. Clements, 86 F.3d 599, 600-01 (6th Cir.1996). We therefore remand for resentencing.
 
 III.
 
 12
 The district court's judgment with respect to Farrugia's convictions under 21 U.S.C. § 841(a)(1) is AFFIRMED, but the judgment is VACATED with respect to Farrugia's conviction under 18 U.S.C. § 924(c), and the case is REMANDED for resentencing.