114 F.3d 1192
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Bernardo PEREZ, Petitioner-Appellant,
v.
UNITED STATES OF AMERICA, Respondent-Appellee.
 No. 96-4021.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 7, 1997.*
Decided May 9, 1997.
 
 1
 Before POSNER, Chief Judge, BAUER, Circuit Judge, and ASPEN, District Judge**.
 
 ORDER
 
 2
 In December of 1991, a jury convicted Bernardo Perez of conspiracy to possess with intent to distribute in excess of 5 kilograms of cocaine, possession with intent to distribute 105 grams of cocaine, and use of a firearm during and in relation to a drug trafficking crime. On July 1, 1994, this court affirmed the convictions but remanded the case to the district court to determine the quantity of cocaine attributable to Perez and to resentence him accordingly. In October of the same year, Perez was resentenced to 78 months' imprisonment concurrently on counts one and two, a reduction from the original 120 months' imprisonment imposed concurrently for counts one and two. The consecutive 60 months' imprisonment for count three, the firearm offense, was re-imposed without alteration.
 
 
 3
 On May 23, 1996, Perez filed a petition, pursuant to 28 U.S.C. § 2255, seeking to have his firearm conviction set aside in light of the Supreme Court's decision in Bailey v. United States, 116 S.Ct. 501 (1995). The government agreed with Perez that the firearm conviction should be vacated. On October 2, 1996, the district court vacated the use of a firearm conviction and sentence. Over Perez's objections, the court granted the government's request for a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm during a drug trafficking offense, and resentenced him to 95 months' imprisonment on each of the two surviving convictions, to be served concurrently.
 
 
 4
 Perez appeals, but his court-appointed attorney seeks to withdraw under Anders v. California, 386 U.S. 738 (1967), because the appeal would be without merit or possibility of success. Pursuant to Circuit Rule 51(a), Perez was notified of his counsel's Anders motion and was given an opportunity to respond, and he has replied. This court grants a motion to withdraw if the possible issues for appeal are "groundless in light of the legal principles and decisions." United States v. Eggen, 984 F.2d 848, 850 (7th Cir.1993) (citing McCoy v. Court of Appeals, 486 U.S. 429, 436 (1988)). We are satisfied that counsel engaged in a thorough search of the record and we find that there are no nonfrivolous issues; accordingly, we grant counsel's motion to withdraw and dismiss the appeal. United States v. Wagner, 103 F.3d 551, 553 (7th Cir.1996).
 
 
 5
 The only issue before us is whether the district court had the authority to resentence Perez on the two convictions that remained after vacating the use of a firearm conviction. As Perez's counsel correctly explained in his Anders brief, that issue has been unequivocally decided by this court in United States v. Jackson, 103 F.3d 561 (7th Cir.1996). "Where an appellant's conviction under § 924(c) is reversed in light of Bailey, it is appropriate to remand for resentencing on the affirmed convictions." Jackson, 103 F.3d at 569. Moreover, we held that vacating a § 924(c) conviction in light of Bailey removes the double-counting impediment to applying the U.S.S.G. § 2D1.1(b)(1) offense level enhancement for possession of a firearm during a drug trafficking crime. Id.
 
 
 6
 In United States v. Smith, 103 F.3d 531 (7th Cir.1996), this court explained that a sentence imposed for multiple counts is a package, and that when an appellant or postconviction petitioner successfully challenges one of the convictions, the sentencing package becomes unbundled, and the district court has the authority to re-package the sentence anew. Smith, 103 F.3d at 533-34. Although some situations under the Sentencing Guidelines may not unbundle a multiple-count sentencing packing, vacating a § 924(e) conviction in light of Bailey is plainly not one of those exceptions. Id. at 534-35.
 
 
 7
 In response to his counsel's Anders brief, Perez challenges the sufficiency of the evidence supporting the U.S.S.G. § 2D1.1(b)(1) enhancement applied at his resentencing after his § 924(e) conviction was vacated. To apply the enhancement, the district court had to find by a preponderance of the evidence that Perez possessed a firearm during the drug offense or during related relevant conduct. See United States v. Wetwattana, 94 F.3d 280, 283 (7th Cir.1996). Although the evidence does not support a finding of use after Bailey, the record does not lack support for finding possession. Because "[a] factfinder's choice between two permissible choices cannot be clearly erroneous," United States v. Yusuff, 96 F.3d 982, 989 (7th Cir.1996); Anderson v. Bessemer City, 470 U.S. 564, 574 (1985), we yield to the district court's finding.
 
 
 8
 Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.
 
 
 
 *
 This successive appeal has been submitted to the original panel under Internal Operating Procedure 6(b). After examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and record. See Fed.R.App.P. 24(a); Cir.R. 34(f)
 
 
 **
 The Honorable Marvin E. Aspen, Chief Judge of the Northern District of Illinois, is sitting by designation