116 F.3d 1483
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond GREEN, Defendant-Appellant.
 No. 96-3502.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 23, 1997.*
Decided June 25, 1997.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin, No. 96-C-384; Robert W. Warren, Judge.
 Before COFFEY, FLAUM, and KANNE, Circuit Judges.
 
 ORDER
 
 1
 In 1994 Raymond Green pleaded guilty to one count of conspiracy to possess with the intent to distribute cocaine and cocaine base in violation of 21 U.S.C. § 841(a)(1), and one count of using or carrying a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). Subsequently, the Supreme Court decided United States v. Bailey, 116 S.Ct. 501 (1995), which requires proof of "active employment" of a firearm under the use prong of § 924(c). Relying on Bailey, Green filed a motion to set aside his firearm conviction arguing that the government did not present any evidence that he had actively employed or carried a firearm in relation to his drug trafficking offense. The government agreed, and the district court granted Green's § 2255 motion. The court resentenced Green on the conspiracy conviction after including a two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1). Green filed a timely notice of appeal, but his attorney now seeks to withdraw because, in his opinion, there are no nonfrivolous grounds for appeal. He has filed an Anders brief in support of this request. Anders v. California, 386 U.S. 738 (1967); United States v. Wagner, 103 F.3d 551 (7th Cir.1996). Green was given notice of his attorney's action in accordance with Circuit Rule 51(a), but has not responded.
 
 
 2
 Green's attorney raises one potential issue for appeal: whether the district court's resentencing of Green violated his double jeopardy rights. This claim, of course, is foreclosed under our decisions in United States v. Smith, 103 F.3d 531 (7th Cir.1996), United States v. Binford, 108 F.3d 723 (7th Cir.1997), and Woodhouse v. United States, 109 F.3d 347 (7th Cir.1997). Resentencing on undisturbed counts after a successful Bailey challenge does not violate the defendant's double jeopardy rights. Woodhouse, 109 F.3d at 348-49; Binford, 108 F.3d at 729; Smith, 103 F.3d at 535.
 
 
 3
 Green's attorney has met the standard articulated in Wagner. Therefore, we GRANT his motion to withdraw and DISMISS this appeal.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)