**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Leonard WALKER, Defendant–Appellant.**

**No. 97–1647.**

United States Court of Appeals,
Seventh Circuit.

Submitted June 17, 1997.*

Decided July 17, 1997.

---

* *After reviewing the briefs and the record, the panel is unanimously of the view that oral argument is unnecessary. Accordingly, the appeal* has been submitted on the briefs and the record alone. *See* Fed. R.App. P. 34(a); Cir. R. 34(f).

Thomas P. Schneider (on briefs), Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Richard L. Zaffiro, Wauwatosa, WI, for Defendant–Appellant.

Before CUDAHY, FLAUM and KANNE, Circuit Judges.

FLAUM, Circuit Judge.

This is the third time that Leonard Walker has been before us. In *United States v. Goines*, 988 F.2d 750 (7th Cir.1993), we affirmed his conviction for conspiring to distribute cocaine as well as his conviction under 18 U.S.C. § 924(c) for using or carrying a firearm in relation to a drug trafficking offense. With respect to his sentence, we vacated and remanded to the district court with instructions to determine more specifically the amount of drugs attributable to Walker. On remand, the district court made the required findings and reimposed its original sentence, consecutive terms of 151 months' imprisonment on the conspiracy count and 60 months' imprisonment on the firearm count. Walker once again appealed, and we upheld this 211–month sentence in an unpublished order. We also held that we lacked jurisdiction to hear Walker's claim that the Supreme Court's decision in *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), required reversal of his § 924(c) conviction. Because we had already affirmed the conviction, we explained, Walker could only raise the *Bailey* issue by means of a petition brought pursuant to 28 U.S.C. § 2255.

Walker took the hint and filed a § 2255 petition to vacate the firearm conviction. On October 31, 1996, the district court granted the requested relief and instructed the government to notify the court by December 1 whether it intended to retry Walker on the § 924(c) charge. Inexplicably, the government did not respond until December 5, at which time it notified the court that it did not intend to retry Walker. On February 11, 1997, the district court scheduled a sentenc-

ing hearing for March 14. On the latter date, the court resentenced Walker on the conspiracy count. Pursuant to section 2D1.1(b)(1) of the United States Sentencing Guidelines, the court imposed a two-level increase in Walker's base offense level for possession of a firearm, an enhancement that yielded a total offense level of 36. Matched with Walker's criminal history category (I), this offense level corresponded to a sentencing range of 188 months to 235 months of imprisonment. The district court opted for the low end of the range and sentenced Walker to 188 months in prison.

Walker now appeals his new sentence. He argues that the district court lacked jurisdiction to proceed as it did, and that, by resentencing him on the conspiracy count, the court violated the Constitution's guarantee of due process and its prohibition against double jeopardy. Alternatively, he argues that the district court's factual findings were inadequate to support the firearm enhancement. We affirm.

## I.

■■■ Walker acknowledges that, as a general matter, a defendant who mounts a successful collateral attack on a single count of conviction faces the risk that the district court will look anew at the entire punishment and resentence on a remaining count. See *Woodhouse v. United States*, 109 F.3d 347 (7th Cir.1997), *petition for cert. filed*, (June 20, 1997) (No. 96–9483); *United States v. Binford*, 108 F.3d 723 (7th Cir.), *cert. denied*, ── U.S. ──, 117 S.Ct. 2530, 138 L.Ed.2d 1029 (1997); *United States v. Smith*, 103 F.3d 531 (7th Cir.1996), *cert. denied*, ── U.S. ──, 117 S.Ct. 1861, 137 L.Ed.2d 1061 (1997). Whatever its limitations, this "package" approach to sentencing is particularly appropriate where a § 924(c) conviction has been vacated, for, as we observed in *Smith*, "[i]f a mandatory sentence for using or carrying a gun is imposed, the otherwise available enhancement for possession of a firearm is not invoked. But if the mandatory sentence is set aside, nothing should prevent the imposition of the enhancement." 103 F.3d at 534–35. Nevertheless, Walker maintains that here the district court exceeded its authority.

According to Walker, what distinguishes his case from *Smith* and its progeny is the fact that, in the latter cases, resentencing took place "as a part of" or "in the context of" the defendant's § 2255 petition. Walker points out that the district court resentenced him more than three months after deciding the merits of his collateral attack. It did so, moreover, on its own initiative rather than in response to a government motion. At the very least, Walker maintains, he had a legitimate expectation that his sentence had become final when the government indicated that it did not intend to retry him on the § 924(c) count and otherwise made no suggestion regarding his sentence as a whole.

Section 2255 authorizes a district court, upon affording a petitioner relief, "to resentence ... or correct the sentence as may appear appropriate." 28 U.S.C. § 2255. Our *Smith* line of cases is premised on the understanding that "sentence" refers to "an aggregate, indivisible term of imprisonment." *Binford*, 108 F.3d at 728. Despite Walker's efforts to impose jurisdictional constraints upon this power to recalculate the entire sentence, he has not directed us to either a statute or a rule implying such a limitation on the court's authority. Rule 32 of the Federal Rules of Criminal Procedure sets forth a general framework for sentencing, but Walker does not look to Rule 32's timing provisions, and for good reason: those provisions hardly could be called jurisdictional. Rule 32(a) states only that sentencing must take place without "unnecessary delay following completion of the process prescribed by subdivision (b)(6)." Subdivision (b)(6), in turn, lays out a process that begins with the furnishing to the defendant of the presentence report, which must take place "[n]ot *less than* 35 days before the sentencing hearing-unless the defendant waives this minimum period," Fed.R.Crim.P. 32(b)(6)(A) (emphasis added). Assuming *arguendo* that there comes a point at which a court that has vacated a single count of conviction loses the power to resentence on an undisturbed count, we believe that a court must be given at a minimum a reasonable time within which to recalculate the sentence. Here the district court's steps did not cross the line: the court provided the government an opportuni-

ty to retry Walker; when it became clear that the government would not, a sentencing hearing was scheduled and a resentencing memorandum prepared; resentencing was held less than three weeks after preparation of the memorandum. The most that can be said is that the court might have signaled its intentions more promptly once it became apparent that Walker would not be retried. This delay, however, does not amount to a jurisdictional defect.

■ We are similarly unpersuaded by Walker's constitutional arguments. In the circumstances presented here, as we explained in *Smith*, "[u]ntil action is taken in regard to the whole sentence, ... [a petitioner does] not have an expectation of finality with regard to his sentence." 103 F.3d at 533. Walker nonetheless would have us hold that his expectation of finality set in on October 31, 1996 when the district court "finally decided" the merits of his § 2255 petition. That we are not inclined to do. Walker's expectation of finality certainly was no greater than that of the appellants in *Smith* and *Woodhouse*, each of whom had served his original sentence on the undisturbed conviction by the time his § 924(c) conviction was vacated. Although Walker raises the specter of a court "blowing off dust from the passage of time ... to remake a sentence" and suggests that such blowing of dust would violate norms of fundamental fairness, we can decide that case if and when it comes before us. A judgment embodying Walker's new sentence was entered on March 14, 1997. See Fed. R.Crim.P. 32(d). This new sentence was 23 months shorter than Walker's original sentence. Neither the Due Process nor the Double Jeopardy Clause was violated.

## II.

■ Walker also maintains that the district court's factual findings were insufficient to support the firearm enhancement. Because we agree with the government that Walker waived this objection by failing to raise it at his resentencing hearing, we review this contention for plain error, and none can be found here. In applying the two-level increase, the district court referred to the original presentence report as amended, the resentencing memorandum, and the court's own comments at Walker's 1994 sentencing. Walker contends that, because the enhancement was predicated on his coconspirators' possession of firearms, we must vacate his sentence and remand to permit the district court to define with greater precision the scope of Walker's conspiracy agreement. Coming from the individual whose primary responsibility as a conspirator was to supply his coconspirators with firearms, this argument carries a disingenuous ring. See *Goines*, 988 F.2d at 757, 767–68. In *Goines*, we concluded that "the evidence supports the existence of the one large conspiracy charged in count one." *Id.* at 772. Walker's argument amounts to little more than a renewed attack on this conclusion. At resentencing, Walker did not contest that codefendant Taylor carried a gun, and we held in *Goines* that Taylor's gun "was carried in relation to and as a natural, foreseeable consequence of *the* conspiracy." 988 F.2d at 774 (emphasis added). In short, there is no need for the district court to reexamine the scope of Walker's agreement to join the conspiracy.

Walker's sentence is AFFIRMED.