**Victor M. BARDNEY, Petitioner,**

**v.**

**UNITED STATES of America, Respondent.**

**No. 96 C 5034.**
**No. 92 CR 1043.**

United States District Court,
N.D. Illinois,
Eastern Division.

Sept. 15, 1997.

R. Eugene Pincham, Chicago, IL, for petitioner.

Assistant U.S. Atty., United States Attorney's Office, Chicago, IL, for respondent.

*OPINION AND ORDER*

NORGLE, District Judge.

Before the court is Petitioner, Victor M. Bardney's Amended 28 U.S.C. § 2255 Petition for Discharge and/or Sentence Reduction. For the following reasons, the § 2255 petition is denied.

I. BACKGROUND

On January 21, 1993, a federal grand jury returned a three-count indictment against Petitioner, Victor M. Bardney ("Bardney"). In Count I, the grand jury charged Bardney with conspiring with his co-defendants, Samuel Benson and Lawrence Spinks, to possess and distribute two kilograms of cocaine and fifty pounds of marijuana, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 ("conspiracy count").

In Count II, the grand jury charged Bardney with attempting to possess, with the intent to distribute, two kilograms of cocaine

and fifty pounds of marijuana ("drug-trafficking count"). In Count III, the grand jury charged Bardney with using a nine-millimeter semi-automatic pistol during the commission of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1) ("§ 924(c)(1) count").

On September 8, 1993, a jury found Bardney guilty on the drug-trafficking count, but acquitted him on the conspiracy and § 924(c)(1) counts. Bardney moved for a new trial, which the court denied. On December 7, 1993, the court imposed a two-point enhancement pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) for possession of a firearm and sentenced Bardney to 160 months of incarceration.

Bardney appealed to the Seventh Circuit and raised several issues regarding his trial and sentence. On February 1, 1995, the Seventh Circuit affirmed. *See United States v. Bardney,* 46 F.3d 1134, 1995 WL 41313 (7th Cir. Feb. 1, 1995). The Seventh Circuit denied Bardney's motion for reconsideration. *Id.* Thereafter, the Supreme Court denied Bardney's petition for writ of certiorari. *See Bardney v. United States,* — U.S. —, 116 S.Ct. 549, 133 L.Ed.2d 451 (1995).

On August 14, 1996, Bardney filed a petition pursuant to 28 U.S.C. § 2255, seeking discharge or sentence reduction. On October 11, 1996, the court denied seven of the eight issues Bardney raised in his § 2255 petition because Bardney had already raised them on direct appeal. *See Bardney v. United States,* 945 F.Supp. 152 (N.D.Ill.1996). With respect to the eighth issue, the court ordered Bardney to file an amended § 2255 petition because the original petition lacked citations to relevant, authoritative case law. *Id.*

On April 16, 1997, Bardney filed an amended § 2255 petition. Bardney argues that the court erroneously relied on evidence presented at trial and erroneously imposed a § 2D1.1(b)(1) enhancement in violation of *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), because the jury acquitted him on the § 924(c)(1) count.

## II. DISCUSSION

### A. Admonishment

Before the court addresses the merits of Bardney's § 2255 petition, the court notes that its previous admonishments, and imposition of sanctions, has had no effect on Bardney's counsel. In imposing sanctions, the court stated: "[Pincham] forgot 'to study the law before representing its contents to a federal court ... [and neglected to perform the] necessary work to find the law before filing the brief.' Instead, Pincham placed the 'burden of study and illumination on ... the court.'" *Bardney,* 945 F.Supp. at 157 (citations omitted). Despite the court's lecture, Pincham again ignored adverse legal authority and misrepresented the Supreme Court's opinion in *Bailey v. United States.* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), to file the instant, frivolous petition on behalf of Bardney. In so doing, Pincham's conduct has once again forced an unfortunate waste of judicial resources.

### B. Petition for Writ of Habeas Corpus

Habeas corpus relief under § 2255 is limited to "an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Borre v. United States,* 940 F.2d 215, 217 (7th Cir. 1991) (*quoting Carreon v. United States,* 578 F.2d 176, 179 (7th Cir.1978)).

Relying on a misleading interpretation of *Bailey,* Bardney argues that the court violated his constitutional rights (double jeopardy, trial by jury, due process, and fundamental fairness) by enhancing his sentence for possession of a firearm after the jury acquitted him on the § 924(c)(1) count. The Government does not argue that Bardney is procedurally defaulted from raising the issues presented in his § 2255 petition. As such, the court will address the merits of his § 2255 petition.

#### 1. *Applicability of § 2D1.1(b)(1)*

U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) provides that a sentencing court must increase a defendant's offense level for particular drug-trafficking offenses if the Government shows, and the court finds,

by a preponderance of the evidence that the defendant possessed a dangerous weapon, including a firearm, during the commission of drug-trafficking offenses. *See* U.S. Sentencing Guidelines Manual § 2D1.1(b)(1); *United States v. Binford,* 108 F.3d 723, 728 (7th Cir.1997), *cert. denied,* — U.S. —, 117 S.Ct. 2530, 138 L.Ed.2d 1029 (1997).

Bardney admits that the jury convicted him of a drug-trafficking offense, encompassed in § 2D1.1, and that the court found by a preponderance of the evidence that he possessed a firearm while committing that offense. Nevertheless, Bardney argues that the Supreme Court in *Bailey* held that a sentencing court could not impose a § 2D1.1(b)(1) enhancement if a defendant is charged and acquitted of a § 924(c)(1) offense.

i. *Bailey v. United States*

The court will first discuss *Bailey* and its effect on § 2D1.1(b)(1). In *Bailey,* the Supreme Court narrowed the permissible range of conduct for which a defendant may be convicted under § 924(c)(1) with respect to the definition of "use." *See* 516 U.S. at —, 116 S.Ct. at 505.

Section 924(c)(1) states: "Whoever, during and in relation to any crime of violence or drug trafficking crime ..., uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years...." 18 U.S.C. § 924(c)(1). Thus, a defendant may be convicted for a violation of the section if he is found to either "use" or "carry" a firearm while committing a drug-trafficking offense.

The Supreme Court held in *Bailey* that a conviction for "use" of a firearm under § 924(c)(1) "requires evidence sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." *Id.* "The active-employment understanding of 'use' certainly includes brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm." *Id.* at —, 116 S.Ct. at 508. "[E]ven an offender's reference to a firearm in his possession could satisfy § 924(c)(1)." *Id.* However, "use" does "not extend to encompass" an action "where an offender conceals a gun nearby to be at the ready for an imminent confrontation." *Id.*

Consequently, Bardney argues that *Bailey* supports his argument that his sentence was "illegally, unlawfully and unconstitutionally" enhanced for possession of a firearm. In his petition, Bardney goes to great lengths to quote selective portions of the *Bailey* decision, and the Supreme Court's definition of "use." However, Bardney refuses to acknowledge that the court enhanced his sentence for "possessing," not "using," a firearm. As such, the definition of "use" that the Supreme Court adopted in *Bailey* is not relevant to this case.

What is relevant is the Supreme Court's explanation of how "use" under § 924(c)(1) is narrower in scope than "possession" under § 2D1.1(b)(1). The Supreme Court in *Bailey* adopted the active-employment definition of "use" under § 924(c)(1) so as not to render " 'use' virtually synonymous with 'possession' and [make] any role of 'carry' superfluous." *Id.* Nevertheless, Bardney would have the court hold that "use" under § 924(c)(1) and "possession" under § 2D1.1(b)(1) are synonymous; this, the court cannot, and will not, do.

It is apparent from *Bailey* that the court appropriately enhanced Bardney's sentence. The Supreme Court explained that if a defendant cannot be convicted of "use" under § 924(c)(1), the Government can pursue other means to punish defendants who "mix guns and drugs." *Id.* at —, 116 S.Ct. at 509. For instance, the "carry" prong of § 924(c)(1) is available, as well as "an enhancement for a person convicted of certain drug-trafficking offense if a firearm was possessed during the offense." *Id.*

Bardney relies on a slanted reading of *Bailey* in seeking his habeas corpus relief. An objective reading of the Supreme Court's decision reveals that it supports enhancing a defendant's sentence when a defendant is acquitted of a § 924(c)(1) offense if the § 2D1.1(b)(1) standard is met. The court's interpretation of *Bailey* and its effect on enhancing a defendant's sentence under § 2D1.1(b)(1) is embraced by an overwhelming majority of courts.

ii. *§ 924(c)(1) Convictions Post–Bailey*

After the *Bailey* decision was handed down, courts were confronted with a novel issue: whether a defendant who successfully filed a § 2255 petition to vacate his § 924(c)(1) conviction could be sentenced on his remaining convictions with a § 2D1.1(b)(1) enhancement. *See United States v. Walker,* 118 F.3d 559, 560 (7th Cir.1997). A § 2255 petitioner generally argues that a § 2D1.1(b)(1) enhancement after having his § 924(c)(1) conviction vacated would violate the "Constitution's guarantee of due process and its prohibition against double jeopardy." *Id.* at 561.

Bardney likewise argues that a § 2D1.1(b)(1) enhancement after his § 924(c)(1) acquittal is a violation of the Constitution. Bardney ignores two obstacles: First, that simple legal research reveals that this is not a novel argument, but one that courts have invariably rejected; Second, that circuit courts addressing the issue have unanimously affirmed a sentencing court's decision to impose a § 2D1.1(b)(1) enhancement after vacating a § 924(c)(1) conviction.

With respect to a § 2D1.1(b)(1) enhancement after a § 924(c)(1) conviction is vacated, the Seventh Circuit in *Walker* stated that " 'nothing should prevent the imposition of the enhancement' " when the mandatory sentence under § 924(c)(1) is vacated. *Id.* The Seventh Circuit has firmly held that a § 2D1.1(b)(1) enhancement after a § 924(c)(1) conviction is vacated did not violate the Due Process or the Double Jeopardy Clause of the Constitution. *Id.* at 562; *see also United States v. Turnbough,* 114 F.3d 1192, 1997 WL 264475, at * 4 (7th Cir. May 14, 1997) (*Bailey* had "no effect on what constitutes 'possession' under § 2D1.1(b)(1)"); *Binford,* 108 F.3d at 728 ("[when] the district court reversed Binford's § 924(c) conviction in light of *Bailey,* [it] thereby open[ed] the door for the Government to pursue the § 2D1.1(b)(1) enhancement"); *United States v. Smith,* 103 F.3d 531, 535 (7th Cir.1996) ("[s]etting aside the § 924(c) count opens the possibility of a firearms enhancement"), *cert. denied,* — U.S. —, 117 S.Ct. 1861, 137 L.Ed.2d 1061 (1997); *United States v. Carmack,* 100 F.3d 1271, 1279–80 (7th Cir.1996) ("[i]n *Bailey,* the Supreme Court in fact distinguished between 'use' and 'possess,' and, in dicta, specifically pointed out that meeting the threshold of § 2D1.1(b)(1) requires far less than § 924(c)(1)").[1]

Other circuits have similarly held that a § 2D1.1(b)(1) enhancement is available to the Government if a defendant's § 924(c)(1) conviction is reversed, vacated, or set aside. *See United States v. Morris,* 116 F.3d 501, 504 (D.C.Cir.1997) (" § 2255's grant of power to the court to 'correct the sentence as may be appropriate' necessarily includes the power to apply the § 2D1.1(b)(1) enhancement at the same time as it removes the hitherto blocking § 924(c) conviction"); *United States v. Rodriguez,* 112 F.3d 26, 31 (1st Cir.1997) (sentencing court can consider the conduct underlying the vacated § 924(c)(1) conviction to determine whether to impose a § 2D1.1(b)(1) enhancement), *petition for cert. filed,* (U.S. July 29, 1997) (No. 97–5452); *United States v. Gordils,* 117 F.3d 99, 103 (2d Cir.1997) (there was no convincing reason to preclude the sentencing court from considering a § 2D1.1(b)(1) enhancement when defendant's § 924(c)(1) conviction is vacated); *United States v. Goggins,* 99 F.3d 116, 119 (3d Cir.1996) (held that a § 2D1.1(b)(1) enhancement is permissible when a § 924(c)(1) is vacated for two reasons: First, § 2D1.1(b)(1) is broader in scope than § 924(c)(1); Second, the burden of proof required under § 2D1.1(b)(1) is lower then the burden required for a conviction under § 924(c)(1)), *cert. denied,* — U.S. —, 117 S.Ct. 1347, 137 L.Ed.2d 504 (1997); *United States v. Smith,* 94 F.3d 122, 125 (4th Cir. 1996) ("circuit precedent dictates that the government is entitled to pursue [enhancement] by showing that Smith possessed the 380, notwithstanding that he has, in effect, been acquitted of having used or carried it"); *United States v. Benbrook,* 119 F.3d 338, 339 (5th Cir.1997) (a § 2D1.1(b)(1) enhancement becomes available to the Government when a

1. As a result, many petitioners abandoned this argument. *See United States v. Abdul,* 122 F.3d 477, 479–80 (7th Cir.1997); *United States v. Green,* 116 F.3d 1483, 1997 WL 355744, at *1 (7th Cir. June 25, 1997); *Perez v. United States,* 114 F.3d 1192, 1997 WL 253189, at * 1 (7th Cir. May 5, 1997).

defendant successfully challenges his § 924(c)(1) conviction); *United States v. Farrugia,* 101 F.3d 702, 1996 WL 665605, at *2 (6th Cir. Nov.14, 1996) ("[i]t has been thoroughly established in this court that vacating of the section 924(c) convictions means that remand is appropriate to allow the government to seek ... an enhancement"); *United States v. McKinney,* 120 F.3d 132, 134–35 (8th Cir.1997) (although there is insufficient evidence to support a § 924(c)(1) conviction, this does not mean that it is insufficient to support a § 2D1.1(b)(1) enhancement); *United States v. Handa,* No. 96–16468, 122 F.3d 690, 692 (9th Cir.1997) (held that Handa is eligible for a § 2D1.1(b)(1) enhancement since his § 924(c)(1) conviction is vacated); *United States v. Mendoza,* 118 F.3d 707, 710 (10th Cir.1997) (although a § 924(c)(1) conviction precludes a § 2D1.1(b)(1) enhancement, a court's subsequent vacatur of the conviction removes the impediment); *United States v. Mixon,* 115 F.3d 900, 902 (11th Cir.1997) ("'[t]he relationship between § 924(c) and § 2D1.1(b)(1) is an "either/or" relationship at sentencing'" and, therefore, only available if the sentencing court need not impose the mandatory sentence under § 924(c)(1)).

Circuit courts have unanimously opined that a sentencing court has the jurisdiction and authority to impose a § 2D1.1(b)(1) enhancement in light of a *Bailey* reversal of a § 924(c)(1) conviction because it is analogous to a § 924(c)(1) acquittal. *See United States v. Rhodes,* 106 F.3d 429, 430 (D.C.Cir.1997), *petition for cert. filed,* (U.S. Aug. 12, 1997) (No. 97–5577); *Rodriguez,* 112 F.3d at 28; *Gordils,* 117 F.3d at 103; *Goggins,* 99 F.3d at 119; *Smith,* 94 F.3d at 125; *McKinney,* 120 F.3d at 134–35; *Mendoza,* 118 F.3d at 710. "Congress surely did not contemplate" that a § 2D1.1(b)(1) enhancement would be available when a jury acquits a defendant on the § 924(c)(1) offense, but not available if defendant's § 924(c)(1) conviction is reversed, vacated, or set aside on appeal. *See Rhodes,* 106 F.3d at 430.

iii. *§ 924(c)(1) Acquittals Post–Bailey*

■ With respect to a § 2D1.1(b)(1) enhancement after a § 924(c)(1) acquittal, the Supreme Court in *United States v. Watts,* — U.S. ——, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997), recently rejected the same arguments Bardney presents in his § 2255 petition.[2] Two panels of the Ninth Circuit in *United States v. Watts,* 67 F.3d 790 (9th Cir.1995), and *United States v. Putra,* 78 F.3d 1386 (9th Cir.1996), held that "sentencing courts could not consider conduct of the defendants underlying charges of which they had been acquitted." *Watts,* — U.S. at ——, 117 S.Ct. at 634. "Because the panels' holdings conflict with the clear implications of 18 U.S.C. § 3661, the Sentencing Guidelines, and [the Supreme] Court's decisions, particularly *Witte v. United States,* 515 U.S. 389, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995), [citation omitted], [the Supreme Court] grant[ed] the petition [for certiorari] and revers[ed] in both cases." *Id.*

In *Watts,* the Supreme Court articulated the "longstanding principle that sentencing courts have broad discretion to consider various kinds of information." *Id.* at ——, 117 S.Ct. at 635. In order for the sentencing court to impose a proportional sentence, the court needs to know everything about the defendant's "background, character, and conduct[.]" *Id.; see also* 18 U.S.C. § 3661. Accordingly, the sentencing court may consider an "entire range of conduct, regardless of the number of counts that are alleged or on which conviction is obtained[.]" *Watts,* — U.S. at ——, 117 S.Ct. at 636. Therefore, the Supreme Court held that the "sentencing court may even consider conduct of which a defendant has been acquitted." *Id.* An "acquittal on criminal charges does not prove that the defendant is innocent; it merely proves the existence of a reasonable doubt as to his guilt." *Id.* at ——, 117 S.Ct. at 637. Thus, the "verdict does not preclude a finding by a preponderance of the evidence that the defendant did, in fact, use or carry [a dangerous] weapon, much less that he simply possessed the weapon in connection with a drug offense." *Id.* at ——, 117 S.Ct. at 638.

2. The court notes that the Supreme Court's opinion was entered on January 6, 1997, well before Bardney filed his amended petition on April 16, 1997.

If the sentencing court finds that the defendant possessed a dangerous weapon during the commission of a drug-trafficking offense, the sentencing court must impose a § 2D1.1(b)(1) enhancement. *Id.*

The Supreme Court explained that the imposition of a § 2D1.1(b)(1) enhancement after a § 924(c)(1) acquittal did not violate the Constitution because "sentencing enhancements do not punish a defendant for crimes of which he was not convicted, but rather increase his sentence because of the manner in which he committed the crime of conviction." *Id.* at ——, 117 S.Ct. at 636; *see also United States v. Ritsema,* 31 F.3d 559, 564–65 (7th Cir.1994) ("[t]he goal of including relevant conduct in sentencing is to allow a court to reflect in its sentence the actual seriousness of an offense, instead of strictly limiting it to the charge the prosecutor names in the indictment").

Even before the Supreme Court's recent decision in *Watts,* a sentencing court's ability to impose a § 2D1.1(b)(1) enhancement after a § 924(c)(1) acquittal has been universally embraced, with the exception of the Ninth Circuit. *See United States v. Booker,* 115 F.3d 442, 443 (7th Cir.1997) ("innocence of a charge under § 924(c) is entirely consistent with an enhancement under § 2D1.1(b)(1)"); *United States v. Pollard,* 72 F.3d 66, 68 (7th Cir.1995) ("[t]he acquittal on the § 924(c) charge does not prohibit invoking the weapon enhancement under § 2D1.1(b)(1) of the guidelines"); *Leon–Ayala v. United States,* 82 F.3d 403, 1996 WL 158324, at *1 (1st Cir.1996) ("*Bailey* does not preclude the imposition of a § 2D1.1(b)(1) enhancement simply because the defendant was acquitted on a § 924(c)(1) offense"); *United States v. Lynch,* 92 F.3d 62, 67 (2d Cir.1996) (sentencing court may consider conduct for which he had been acquitted to enhance the defendant's sentence); *Goggins,* 99 F.3d at 119 ("we align ourselves with the overwhelming majority of the courts of appeals which have held that a weapons enhancement under section 2D1.1(b)(1) is permissible after an acquittal under section 924(c)(1)"); *United States v. Averitte,* 89 F.3d 830, 1996 WL 331178, at *1 (4th Cir.1996) (sentencing court can rely on trial evidence to impose a § 2D1.1(b)(1) enhancement after a § 924(c)(1) acquittal); *Mendoza,* 118 F.3d at 709 (if the defendant is not convicted of a § 924(c)(1) offense, the sentencing court is likely to impose a § 2D1.1(b)(1) enhancement); *United States v. Buchanan,* 70 F.3d 818, 827 (5th Cir.1995) (the mere fact that the jury finds that the defendant did not use or carry a firearm during a drug-trafficking offense does not bar the sentencing court from imposing a § 2D1.1(b)(1) enhancement), *cert. denied,* —— U.S. ——, 116 S.Ct. 1340, 134 L.Ed.2d 490 (1996); *United States v. McCall,* 85 F.3d 1193, 1198 (6th Cir.1996) (a § 924(c)(1) acquittal does not necessarily preclude a § 2D1.1(b)(1) enhancement); *United States v. Friend,* 101 F.3d 557, 558 (8th Cir.1996) (a defendant acquitted of § 924(c)(1) may nonetheless be subject to a § 2D1.1(b)(1) enhancement); *cf. United States v. Geffrard,* 87 F.3d 448, 451–53 (11th Cir.1996) (a sentencing court may impose a § 2D1.1(b)(1) enhancement when the defendant was acquitted of § 924(c)(1) if the court finds that his co-conspirator possessed a firearm during the commission of a drug-trafficking offense), *cert. denied,* —— U.S. ——, 117 S.Ct. 442–43, 136 L.Ed.2d 339 (1996).

Therefore, it is well established that the court appropriately ruled that Bardney was subject to a § 2D1.1(b)(1) enhancement when sentenced for his drug-trafficking offense, even though the jury acquitted him on the § 924(c)(1) count. To hold otherwise would mean that the Government abandons the right to seek a § 2D1.1(b)(1) enhancement every time the Grand Jury indicts a defendant for a § 924(c)(1) offense; this would unnecessarily restrain the Government's ability to punish a defendant who "mixes guns and drugs," and impede the Sentencing Commission's intent in promulgating § 2D1.1(b)(1).

The analysis, however, does not end there; the court must consider whether the Government presented sufficient evidence for the court to impose a § 2D1.1(b)(1) enhancement.

2. *Sufficiency of Evidence for Applying § 2D1.1(b)(1)*

The sentencing court must impose a two-point enhancement under § 2D1.1(b)(1) if the

Government proves by a preponderance of the evidence that the defendant "possessed" a dangerous weapon during the commission of a drug-trafficking offense. *See United States v. Vargas,* 116 F.3d 195, 197 (7th Cir.1997); *see also* U.S. Sentencing Guidelines Manual § 2D1.1(b)(1). "[T]he exception occurs when it is 'clearly improbable that the weapon was connected with the offense.'" *Vargas,* 116 F.3d at 197.

A § 2D1.1(b)(1) enhancement is imposed to reflect the increased dangerousness involved when drug-traffickers possess a dangerous weapon. *Carmack,* 100 F.3d at 1280. The established standard for determining whether the defendant possessed a weapon in connection with a drug-trafficking offense is the proximity between the weapon and the drugs. *Id.; see also Turnbough,* 1997 WL 264475, at * 4.

In this case, the court presided over the trial. During sentencing, the court considered the evidence the Government presented during the trial. *See Watts,* — U.S. at —, 117 S.Ct. at 636 (the sentencing court may consider the "'evidence adduced in a trial that resulted in an acquittal'"); *see also Averitte,* 1996 WL 331178, at *1 (sentencing court can rely on trial evidence to impose a § 2D1.1(b)(1) enhancement after a § 924(c)(1) acquittal). The court also considered the Presentence Report.

Based upon all the evidence, the court found by a preponderance of the evidence that Bardney possessed a dangerous weapon during the commission of a drug-trafficking offense. Specifically, the court found, and Bardney admits, that "[t]he Government's trial evidence was that Petitioner Bardney was arrested at a parking lot after he threw to the ground a set of keys to an automobile found on the paring [sic] lot, and in which the [Drug Enforcement Agency ('DEA')] Agents discovered [a nine-millimeter semi-automatic pistol]." (Bardney's Pet. at ¶ 12.)

In addition, the Government presented evidence that Bardney told a DEA agent that he brought the firearm for protection during the drug deal; the drug deal involved an exchange of $87,000 in cash for two kilograms of cocaine and fifty pounds of marijuana. (Presentence Report at 5–6.) As the Seventh Circuit stated in *Vargas,* "[i]t is not 'clearly improbable' that [Bardney] had the firearm in his car for the purpose of protecting the large sums of cash involved in the drug conspiracy." 116 F.3d at 197. Consequently, the court affirms that the Government has met its burden to support the imposition of a § 2D1.1(b)(1) enhancement.

Since there is "[no] error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice[,]'" the court denies Bardney's § 2255 petition. *Borre,* 940 F.2d at 217 (citations omitted).

## III. CONCLUSION

For the foregoing reasons, the court denies Petitioner, Victor M. Bardney's Amended 28 U.S.C. § 2255 Petition for Discharge and/or Sentence Reduction.

IT IS SO ORDERED.